PAULINE POEHLER v. FREDERICK REESE and Others.

November 15, 1899.

Nos. 11,797—(69).

## Land Contract—Tender by Third Person—Notice—Tenants in Common.

At the time of her death R. was in possession and actually occupying a tract of land under a written contract with P. for its purchase. She had made valuable improvements, had paid taxes, and also interest on the purchase price, for a number of years. On March 25, 1898, P. caused notice to be served on the heirs at law, five children of the deceased, three of whom were minors, that, as provided in the contract, she had elected to and did declare the same null and void because of a failure to pay, unless the amount due on the contract was paid to her on or before May 10 following. April 12 one Johnson, who had succeeded by virtue of a deed of conveyance to the interests of the two heirs who had attained their majority, tendered to P. the full amount due, and demanded a deed of the land subject to the contract. *Held*, that this was a tender sufficient to put P. on inquiry as to Johnson's right to make the tender, and was sufficient to protect his own interests, as well as those of his tenants in common, the minor heirs of R.

## Trial—Objection to Evidence of Tender—Pleading.

Immediately after May 10, P. took possession of the land, and commenced an action to determine adverse claims, making Johnson and the heirs at law defendants. Johnson answered, setting forth his equities and the tender, and demanding possession and specific performance by conveyance to himself. At the trial of the issues made between P. and Johnson, counsel for the former objected to the introduction of testimony tending to show that, when making the tender, Johnson notified P. of his rights under the deed and produced it for her inspection, on the ground that it was inadmissible under the pleadings, there being no allegation in the answer of such notification or offer of the deed for inspection. The court overruled the objection, received the evidence, and made a finding of the fact. *Held* that, if it was error to receive the testimony, it was error without prejudice, and that the finding based thereon was imma-

terial; and, further, that as the objection, based on the omission in the answer, was taken at the trial for the first time, and not by proper pleading, it should not now be sustained.

## Minor Defendants—Judgment Irregular—Estoppel of Party Responsible.

After the trial of the issues made by the complaint, Johnson's answer, and plaintiff's reply, counsel for the latter served notice, and obtained the appointment of guardians ad litem for the minor defendants, and advised the trial court of such proceedings. An answer was then filed in behalf of two of these defendants, but of this the court had no knowledge when it made findings of fact, in which it was recited that all of the defendants except Johnson were in default. By its conclusions of law, the court ordered that judgment be entered directing plaintiff to convey the premises by deed in which defendant Johnson and the minor heirs should be named as grantees, and reciting which one of said grantees paid the consideration therefor. The proceedings were irregular as to the minors, but, as plaintiff's counsel was responsible therefor, it is *held* that they cannot urge these irregularities as a ground for reversing a judgment entered in accordance with the conclusions of law.

## Rental Value—Finding.

Testimony that the fair rental value of a tract of land for a specified year is a certain sum will not support a finding of fact that the rents, issues, and profits of the tract for that year were the sum stated.

Action in the district court for Sibley county to determine adverse claims. The case was tried before Cadwell, J., who found in favor of defendants; and from a judgment entered pursuant to the findings, plaintiff appealed. Modified.

*S. & O. Kipp,* for appellant.

*W. H. Leeman* and *H. J. Peck,* for respondents.

COLLINS, J.

The principal facts in this case are that plaintiff, being the owner of a quarter section of land, entered into a written contract with Sophia Reese, a married woman, in 1884, for the sale and conveyance thereof to Mrs. Reese, her heirs and assigns, upon the payment of the agreed purchase price on or before five years thereafter. Mrs. Reese, with her family, took possession of the land, made valuable improvements, paid taxes and interest, and resided thereon when Mrs. Reese died, in March, 1886. She left surviving a husband and five children as her heirs at law. Payments of interest

in full seem to have been made up to March 1, 1893. On March 25, 1898, the plaintiff served upon the children and heirs of Sophia Reese, deceased, a written notice that she should declare the contract void, unless she was paid, on or before May 10, 1898, the sum of $1,980.03, and interest at eight per cent. per annum from March 1, 1893. Mr. Reese was then dead. Two of the children were then of age; the others were infants.

The children of age, William and Sophia Reese, sold, and by quit-claim deed conveyed, all of their title and interest in the land to defendant Johnson, April 5, 1898; this deed being duly recorded June 11 of that year. April 12 Johnson called upon plaintiff at her residence, and then and there tendered and offered to pay her the full amount due upon the Reese contract, and demanded that she execute and deliver, subject to the contract, a warranty deed of the premises, in which he should be named as sole grantee. The plaintiff stated that she would consult her business adviser and follow his advice. A few days later she executed and caused to be tendered to defendant Johnson a warranty deed, conveying the land to the "heirs of Sophia Reese, deceased." This deed Johnson declined to receive, on the ground that his own name should appear therein as sole grantee.

The plaintiff seems to have taken possession of the premises in the month of June, 1898, and to have commenced this action to determine adverse claims at once. The complaint was in the usual form. Defendant Johnson answered setting up the contract with Mrs. Reese; her possession thereunder; the making of improvements; the payment of taxes and interest; the deaths of Mrs. Reese and her husband; the service of the notice upon the heirs at law; the sale and conveyance of their interest in the land by the adult children; a statement of the amount due on April 12, 1898; that the amount was duly tendered to plaintiff on that day; the demand then made by defendant Johnson; and plaintiff's refusal to execute and deliver a deed to him or otherwise. This answer demanded the execution and delivery of a deed in accordance with the terms and conditions of the contract, a copy being attached. The reply practically admitted all of the allegations in the answer which we have

mentioned, and the plaintiff and answering defendant proceeded to a trial by the court without a jury.

It is conceded that at this time it had not been suggested to the trial court that three of the heirs at law were minors, although an affidavit of nonappearance and of no answer on the part of each and all of the defendants, except Johnson, had been made and filed. Soon afterwards, and prior to the making of findings of fact and conclusions of law, plaintiff's attorney filed an affidavit, gave notice of the application, and obtained the appointment of guardians ad litem for these minors. Thereupon two answered, through the attorneys for defendant Johnson, setting up substantially the same defense, and demanding the execution and delivery of the deed to defendant Johnson. The other minor failed to answer. The court then found the facts, and ordered judgment, which was entered, that on the payment of the amount due on the contract, less the sum of $300, to which we shall hereinafter refer, the plaintiff should execute and deliver to the defendant Johnson, and to the three minors (naming each as a grantee), a good and sufficient deed of the land in controversy, wherein it should be recited which of said grantees paid the consideration. Immediate possession was awarded to said defendants. The disbursements were to be paid by the parties in equal shares. The appeal is by plaintiff from the judgment.

1. There was no allegation in the answer of defendant Johnson that he informed plaintiff, or that she had any knowledge at the time of the tender, of his rights or interests in the land, or that she was then notified that he had, by deed of conveyance, acquired such interests in the property as were held by the two adult heirs. So, when counsel for Johnson attempted to prove that plaintiff, at the time of the tender, was informed of the fact, and the deed was produced for her inspection, an objection was made on the ground, among others, that the evidence was inadmissible under the pleadings. The objection was overruled, evidence of both facts received, and the court found that, when making the tender, Johnson informed plaintiff of the conveyance, and then and there exhibited the deed to her. This ruling is assigned as error. We are of opinion that the ruling should be upheld.

The contract contained a clause which provided for prompt pay-

ment, and a strict and literal compliance with all of the terms and conditions to be kept and performed by the vendee, time of payment being made of its essence, and, in case of default or failure, giving to the vendor the right to declare the contract null and void. It was this clause which caused plaintiff to serve a forfeiture notice on the Reese heirs, requiring them to pay the money due on or before May 10. Within 30 days after May 10, she instituted this litigation, by bringing an action to determine adverse claims, making Johnson one of the defendants. His rights and equities were set up in his answer. From this pleading it appeared that, prior to the tender, Johnson had by quitclaim deed succeeded to the title and interest of two of the heirs at law, and had thus become a tenant in common with the other heirs. His right to protect himself as such tenant, by making a tender of the entire sum due, was plainly shown. In no other manner could he guard his two-fifths interest or secure his rights. The plaintiff was not obliged to accept less than the whole amount, and this Johnson had offered to pay, according to his answer, and as admitted in the reply. It was payment of this sum which had been demanded by service of the notice a few days prior to the tender. It appears that Johnson informed plaintiff, at the time he offered the money, that it was upon the contract, the full amount due on the same, and that his demand was for a deed in compliance with, and subject to, the conditions of the contract itself.

Now, in view of the notice, and the prompt appearance of defendant Johnson with the amount of money required to liquidate plaintiff's claim on the land, and the fact that his demand was for a deed subject to the conditions of the contract, it is obvious that plaintiff either knew, or should have known, that Johnson was acting for the heirs, as the equitable owners of the land, or that he had an interest which he was endeavoring to protect; and that she did understand that he was not an intermeddler when making the tender; and that she regarded it as made in behalf of the proper parties, is evidenced by the fact that within a few days she offered to deliver to Johnson personally—not to the children—a deed in which the heirs were named, generally, as grantees. Taking into consideration the fact that plaintiff herself instituted the litigation, almost

immediately after the expiration of the period fixed in her notice within which payment was demanded, making Johnson one of the defendants, and thus inviting him to set up his claim for specific performance, his answer, although omitting to state that plaintiff was informed as to what rights and interests he had in the property, contained allegations upon which equitable affirmative relief could be awarded to him and to his co-tenants, the minor children of Mrs. Reese, unless we are to give undue and unjust weight to an omission in the answer more of a technical than of a material nature.

It is also to be observed that, while time of payment was made of the essence of the contract, it was therein provided that, in case of default, the vendor should have the right to declare the same null and void. If this is to be construed as requiring that she must exercise the right by giving notice, the fact that time of payment was declared to be of the essence of the contract is of little value in this proceeding. See Coles v. Shepard, 30 Minn. 446, 16 N. W. 153; also Johnson v. Eklund, 72 Minn. 195, 75 N. W. 14. If this be not the proper construction, and notice was unnecessary, it is apparent that she waived her strict rights by serving the notice. And, in compliance with her demand, the full sum due was tendered under circumstances which clearly indicated that Johnson was not meddling with that which did not concern him, but, on the other hand, was acting either for the heirs at law, some of whom were minors, or to protect interests of his own, or in both capacities. Under all these circumstances, it would be inequitable to hold, when considering Johnson's right to enforce specific performance for his own benefit, as well as for the benefit of his tenants in common, that the tender was insufficient, even if he did fail to inform plaintiff of the exact relations he held to the land and to the heirs at law of Mrs. Reese, the vendee named in the contract, who had in her lifetime actually occupied and cultivated the land, made valuable improvements on the same, paid taxes, and interest on the contract, for several years.

Taking this view of the effect of the tender, it is apparent that the plaintiff was not prejudiced by a finding that plaintiff was informed of the deed, and that it was exhibited to her. Such a finding becomes immaterial. It is also apparent that, if the court erred when

receiving evidence as to the exhibition of the deed to plaintiff, it was not at all prejudicial. And, in any event, the objection based on the omission in the answer was taken for the first time at the trial, and not by proper pleading, and for that reason should not now be sustained. Nor can the plaintiff complain of the form of the decree, for in it her own rights, as well as those of the minor heirs, have been fully and adequately protected. That in so doing the court disregarded the contention of defendant Johnson as to his right to be designated in the deed and decree as sole grantee, and then fully protected the minors, is no ground upon which to base an order of reversal.

2. It is obvious that, as to the three minor defendants, the proceedings were irregular. If the court had been informed at the time of the trial of their status, it could have dismissed as to them, or could have suspended proceedings until steps were taken to have them properly represented. But, after the case had been submitted on briefs, plaintiff's counsel discovered the situation, and procured the appointment of guardians ad litem. This step was made known to the court. Afterwards two of the minors made answer through their guardian. It seems that this fact was not brought to the attention of the court, for in its findings it was recited that all of the defendants, save Johnson, were in default. But, notwithstanding this, specific performance was ordered in their behalf, and for possession, and for three-fifths of the rents, issues, and profits for the year 1898.

Counsel for plaintiff urge that, as they were in default, it was error to grant them any relief. There are several reasons why the claim is unavailing. That part of the judgment in which the interests of these minors have been guarded, as against defendant Johnson, is not prejudicial to plaintiff; for it is wholly immaterial to her what steps were taken by the court when considering the rights of defendants, as between themselves. Nor were two of these minors in default, for they had made answer. Again, the error, if there was one, was that of plaintiff's counsel. The omission to secure the appointment of guardians ad litem for the minor defendants before proceeding to trial was a defect for which plaintiff's counsel were responsible, not the court. And the responsibility was again with

counsel when they failed to advise the court that two of these minors had appeared, and had filed answers, after the trial, but before findings had been made; and this failure on the part of counsel led to what was an erroneous recital in the findings as to the default. The judgment appealed from ought not to, and cannot, be reversed, simply because of irregularities for which appellant's counsel are to blame.

3. In his answer Johnson set up a substantive cause of action for specific performance, demanding possession of the premises, among other things. He alleged that plaintiff's possession was acquired wrongfully and by force. At the commencement of the trial, December 27, 1898, he was allowed to file a so-called "supplemental answer," in which it was averred that the plaintiff had received the rents, issues, and profits of the premises during the year 1898, of the reasonable value of, and worth, $300, for which he asked to recover. If defendant Johnson was entitled to possession during the year 1898, and had been deprived thereof by plaintiff, he was entitled to recover in this action (Abrahamson v. Lamberson, 68 Minn. 454, 71 N. W. 676), and there was no error in permitting the supplemental answer to be made. The court found upon the evidence that the rents, issues, and profits were the sum of $300, and ordered that this sum be deducted from the amount to be paid the plaintiff. Judgment was so entered. But this finding is, as asserted by plaintiff's counsel, unsupported by the proof. It was wholly based upon the testimony of one witness that the "fair rental value" of the land for 1898 was $300. Proof of the fair rental value of the premises will not support a finding as to the value or worth of the rents, issues, and profits. To this extent the conclusion of the trial court was wrong.

It is therefore ordered that, in so far as the judgment fixes and determines that the rents, issues, and profits of the land for the year 1898 were the sum of $300, and that this sum be deducted from the amount due on the contract, it is set aside; and on the question of the value of the possession for the year 1898 a new trial is hereby ordered.