LIZZIE WILLIAMS v. BURLEY E. COREY and Fred Gehring.

(131 N. W. 457.)

**Vendor and Purchaser — Cancelation of Contract — Action for Forfeiture.**

1. In October, 1905, plaintiff entered into an executory contract with C. for the sale to the latter of certain real property. Such contract is in the usual form, containing stipulations against the assigning of such contract by C., and authorizing plaintiff to declare a forfeiture in case of any default, by giving thirty days' notice of intention so to do. C. entered into actual occupancy of the property under the contract, and in July 1906, he sold his interest in the

Note.—The rights of a bona fide purchaser from a vendee in possession before payment to the original vendor are considered in a note in 25 Am. Dec. 614.

land to G. for a valuable consideration, giving him a contract for a deed and putting him in possession thereunder, ever since which time G. has remained in actual occupancy of such land. C. defaulted in the payment of an instalment due in October, 1907, and in February, 1908, plaintiff caused notice of intention to declare a forfeiture of the contract to be served on C. alone, although she had actual knowledge of G.'s purchase from C., and at no time objected thereto. Thereafter plaintiff prosecuted an action against C. alone, to obtain a decree declaring such contract forfeited, in which action C. made default, and judgment was entered in plaintiff's favor for the relief prayed for. The case at bar was subsequently commenced against both C. and G., the object of which is to foreclose any interest asserted by either in such land. G. alone defends, and offers to do equity by paying to plaintiff all sums which may be found due to her under her contract with C.

*Held*, for reasons stated in the opinion, that plaintiff is not entitled to recover, and that G. is entitled to the relief prayed for.

**Vendor and Purchaser — Forfeiture — Statutory Construction — Words and Phrases — "Assigns."**

2. Sections 7494 and 7495, Rev. Codes 1905, which prescribe the manner in which such contracts may be forfeited, provides for the service of written notice by the vendor upon "the vendee or purchaser, or his assigns."

*Held*, construing said sections, that the word "assigns" as thus used includes within its meaning vendees of the purchaser when known to the vendor, and that, in order to forfeit such contract as against the rights of G., it was incumbent on plaintiff to cause notice to be served on him as required by said statute.

Opinion filed April 26, 1911. Rehearing denied May 23, 1911.

Appeal from District Court, McHenry county; *Goss,* Judge.

Action by Lizzie Williams against Burley E. Corey and another. Judgment for defendant Gehring, and plaintiff appeals.

Affirmed.

*R. Goer, Guy C. H. Corliss,* and *L. D. Gooler,* of counsel, for appellant.

Reference to instrument gives constructive notice of its terms. Tiedeman, Real Prop. ¶ 817 b note 2, and cases cited; 27 Am. & Eng. Enc. Law, 2d ed. 508, 509.

Payment of an amount due on a foreclosure, by one bound to pay it, wipes out the foreclosure. 27 Cyc. 1865, 1866.

Assignee of vendee need not be served with notice of cancelation. Rev. Code 1905, § 7495.

To be a bona fide purchaser, one must get a legal title. 23 Am. & Eng. Enc. Law, 2d ed. 482, 483.

*Christianson & Weber,* for respondent.

Vendor retains legal title in trust for vendee. Woodward v. McCollum, 16 N. D. 42, 111 N. W. 623; Sheridan v. Reese, 122 La. 1027, 48 So. 443; 2 Am. & Eng. Enc. Law, 2d ed. 1045; Salzer Lumber Co. v. Claflin, 16 N. D. 601, 113 N. W. 1036.

Vendee has an interest that may be sold, mortgaged, taken on execution, or passed to a trustee in bankruptcy. Brayton v. Jones, 5 Wis. 117; Randall v. Constans, 33 Minn. 329, 23 N. W. 530; Niggeler v. Maurin, 34 Minn. 118, 24 N. W. 369; Stoddard v. Whiting, 46 N. Y. 627; Edwards v. McKernan, 55 Mich. 520, 22 N. W. 20; Brooke v. Eastman, 17 S. D. 339, 96 N. W. 699; Young v. Mitchell, 33 Ark. 222; 16 Am. & Eng. Enc. Law, 2d ed. 726.

Notice of cancelation must be as provided in the contract. Cughan v. Larson, 13 N. D. 373, 100 N. W. 1088; Williams v. Kinney, 43 Hun, 1; Auxier v. Taylor, 102 Iowa, 673, 72 N. W. 291.

Proof of return of notice of cancelation must be made by competent evidence. Lacrabere v. Wise, 141 Cal. 554, 75 Pac. 185; Ball v. Peck, 43 Ill. 482; Vennum v. Vennum, 56 Ill. 430.

Failure to object to assignment is assent thereto. Ross v. Page, 11 N. D. 458, 92 N. W. 822; Peters v. Canfield, 42 N. W. 125.

One seeking to cancel a contract of purchase of land for a default must act promptly. Cughan v. Larson, 13 N. D. 373, 100 N. W. 1088; Fergusson v. Talcott, 7 N. D. 185, 73 N. W. 207; Boyum v. Johnson, 8 N. D. 306, 79 N. W. 149; Kicks v. State Bank, 12 N. D. 576, 98 N. W. 408; Timmins v. Russell, 13 N. D. 487, 99 N. W. 48; Bucholz v. Ledbetter, 11 N. D. 473, 92 N. W. 830; Annis v. Burnham, 15 N. D. 577, 108 N. W. 549; Pier v. Lee, 14 S. D. 600, 86 N. W. 642; Quinn v. Olson, 34 Minn. 422, 26 N. W. 230; Ballard v. Cheney, 19 Neb. 58, 26 N. W. 587; Merriam v. Goodlett, 36 Neb. 384, 54 N. W. 686; Minneapolis, St. P. & S. St. M. R. Co. v. Chisholm, 55 Minn. 374, 57 N. W. 63; Gaughen v. Kerr, 99 Iowa, 214, 68 N. W. 694; Old Second Nat. Bank v. Alpena County Sav. Bank, 115 Mich. 548, 73 N. W. 809.

Assignee of contract must be served with notice of cancelation. Salzer Lumber Co. v. Claflin, 16 N. D. 601, 113 N. W. 1036; Malmgren v. Phinney, 50 Minn. 457, 18 L.R.A. 753, 52 N. W. 915; Davis v. Milligan, 88 Ala. 523, 6 So. 908; Irish v. Sharp, 89 Ill. 261.

Vendee in possession may acquire outstanding title against the ven-

,dor. Green v. Dietrich, 114 Ill. 636, 3 N. E. 800; Ragsdale v. Phelps, .90 Mo. 346, 2 S. W. 300; Seeberger v. Weinberg, 151 Ill. 369, 37 N. E. :1033; Sprague v. Martin, 29 Minn. 226, 13 N. W. 34; Streeter v. First :Nat. Bank, 53 Iowa, 177, 4 N. W. 915; Gilbert v. Husman, 76 Iowa, .241, 41 N. W. 3; Schroeder v. Bauer, 140 Ill. 135, 29 N. E. 560.

Fisk, J. This is an action in equity, and comes here for trial , *de novo.* The facts are not seriously in dispute; but counsel disagree .as to the nature of the action, plaintiff's counsel contending that it is ,an action to quiet plaintiff's title as against the two defendants, while ,defendants' counsel assert that the action is one to set aside a contract ,and to vacate certain foreclosure proceedings, including a sheriff's deed based thereon, and to adjudge that any title acquired by defendant · Corey through such foreclosure proceedings, and that any interest in the · real property in controversy acquired by defendant Gehring through his purchase from Corey, be deemed to be held in trust for plaintiff. We fail to see how such question is very material to a correct disposi- · tion of the case. As before stated, the facts are not seriously in dispute, ,and the parties are entitled to such relief as, under the pleadings and · the rules of equity, the facts demand.

Briefly stated the complaint alleges:

1. That, at all times mentioned in the complaint, plaintiff was, and ,still is, the owner in fee of the northeast quarter (N. E. ¼) of section nineteen (19) in township one hundred fifty-nine (159), north of range seventy-nine (79) west. That on October 24, 1905, she entered · into a contract with defendant Corey, by the terms of which she agreed to sell to Corey, and the latter agreed to purchase, such real property · for a certain stipulated consideration. A portion of such consideration was the assumption by Corey of a $500 mortgage on the land and inter- .est at 10 per cent, executed and delivered by plaintiff to Nathan M. . Barnes.

2. That Corey made default in the payment of the interest thereon, ;and that the said Barnes foreclosed the mortgage given to secure a por- · tion of such interest, and at such foreclosure sale Barnes became the purchaser, and subsequently assigned the sheriff's certificate to Corey, · to whom a sheriff's deed was issued for said property and recorded on .April 1, 1908.

3. That in July, 1906, Corey, without the knowledge or consent of

plaintiff, entered into a contract for the sale of said land to defendant Gehring, which contract was filed for record October 31, 1906.

4. That any interest that defendant Corey may have assigned to Gehring is held in trust by the latter, for the benefit of the plaintiff, and,

5. That Corey having made a default in the terms of his contract with plaintiff for the purchase of said real property, plaintiff caused notice of said default to be served on him, and thereafter commenced an action against said Corey for the cancelation of the contract, in which action said defendant made default, and that, by reason of such facts, plaintiff is entitled to a judgment canceling said contract of sale.

The prayer for judgment is "that defendant Corey be declared to have forfeited his interest in such contract, and that the same be annulled, and that he be declared trustee for this plaintiff in such title to said land as he may have acquired by said foreclosure, and for such further relief as to the court may seem just in the premises."

An answer amounting to a general denial was interposed in behalf of both defendants, and subsequently defendant Gehring interposed a separate and amended answer, wherein he alleged, among other things, his purchase on July 26, 1906, of the premises from Corey under contract for a deed, under which contract he was immediately put in possession by Corey, who theretofore had actual possession thereof, ever since which time he, Gehring, has been in actual occupancy of such real property, and that he paid a large sum to said Corey as purchase price, all with plaintiff's implied knowledge and consent. And he offers to do equity by paying to plaintiff all sums due her under her said contract with Corey. The answer then alleges that the notice of the cancelation of the contract between plaintiff and Corey was not served upon him, nor was knowledge thereof, or of the action against Corey to terminate such contract, brought to his notice. Also that Corey is insolvent and unable to respond to him in damages for breach of contract, and that he will consequently suffer irreparable injury in case plaintiff is permitted to enforce such alleged forfeiture of the Corey contract as against him. Then follows allegations as to his good faith in dealing with Corey in the belief that he was the owner and entitled to sell such premises, and he prays judgment that plaintiff's complaint be dismissed, and that he be permitted to redeem such premises from plaintiff by paying to her such sum as may be found due to her under the Corey con-

tract. The foregoing presents substantially the issues framed by the pleadings.

The testimony, in the main, supports the allegations in said answer, and it will not be necessary to review the same at length in this opinion. Such portions only as have a material bearing on what we deem the controlling questions in the case will be referred to.

The contract between plaintiff and Corey contains an express stipulation that the latter shall not assign the same without the written consent of the plaintiff. Such contract also contains the usual provisions giving the vendor the right to forfeit and terminate the same in case of the vendee's default, by giving thirty days' written notice to the vendee of the vendor's intention so to do. Such provision, however, stipulates that the notice aforesaid shall set forth the amount due upon said contract and the time and place when and where payment can be made by Corey. The notice given did not comply with the latter provisions. The testimony discloses that about November 18, 1907, and again about December 20th of said year, Gehring, by letters, informed plaintiff of his claim of ownership of the land, and signified his intention and desire to make good Corey's default under the contract. Plaintiff admits the receipt of such letters, yet it appears that in the following February she caused notice aforesaid to be served on Corey, and thereafter she instituted and prosecuted an action against him alone, to obtain a judicial forfeiture of his said contract, without in any manner apprising defendant Gehring of such proceedings, regarding which she knew he was most vitally concerned. Whether she owed any legal duty to thus apprise him we shall presently consider. She now seeks by this action to obtain from a court of equity a judgment, in effect, readjudicating, as against Corey, what had formerly been adjudicated in the prior action, viz: That he, Corey, "be declared to have forfeited his interest in said contract, and the same be annulled," and also that said Corey be declared a trustee for plaintiff of such title as he may have acquired through the foreclosure aforesaid. No specific relief is prayed for as against defendant Gehring, but, as before stated, the latter answered, setting up his equities in such land through his purchase from Corey, and prays to be permitted to redeem by paying plaintiff all sums due her. Whether, technically speaking, the action is one to quiet title, as asserted by appellant, or is one to set aside a contract, and to vacate certain foreclosure proceedings, and to adjudge that Corey is a trustee

for the plaintiff of any title acquired by him through such foreclosure, is, as we view it, not in any way controlling. Obviously, plaintiff is seeking equitable relief, and the ultimate purpose of the action is to cut off or foreclose any interest asserted by defendants in this land. In other words, she invokes the equity powers of the court to aid her in making effectual an alleged forfeiture.

This trial court upheld defendant Gehring's right to redeem as prayed for by him, and we are asked on this appeal to reverse this holding. We are agreed that under all the facts plaintiff has no tenable ground for complaint, and that her contentions are devoid of equity. It would certainly be grossly inequitable to deprive Gehring of the right to redeem under such facts. The undisputed testimony discloses that Gehring had been in the actual possession of the premises ever since his purchase from Corey, in July, 1906, and that plaintiff acquired actual knowledge of his said purchase in November of that year. While the contest between her and Corey contains a stipulation that the same should not be assignable without her written consent, such provision was solely for her benefit, and might be waived by her, and we think such waiver may be fairly implied from the facts. It has been held that, at most, such stipulation is merely "collateral to the main purpose of the contract, designed as a means of securing and enforcing performance of what was undertaken by the vendee, to wit, the prompt payment of the purchase money." Johnson v. Eklund, 72 Minn. 195, 75 N. W. 14. It was held in the above case that there is nothing personal in the nature of such a contract, and the fact that an assignment of the contract has been made by the vendee in violation of such a stipulation is no defense to an action by the assignee of the contract, to compel a conveyance by the vendor, where the latter has received the purchase money. See also Poehler v. Reese, 78 Minn. 71, 80 N. W. 847. Good faith and fair dealing toward Gehring under the facts would seem, on the plainest principles of equity, to require that notice of plaintiff's intention to declare a forfeiture of the contract should have been brought to Gehring's attention. But we do not need to rest our decision on the above grounds alone. Sections 7494 and 7495, Rev. Code 1905, provide how such contracts may be declared forfeited. Under these sections written notice is required to be given "to the vendee or purchaser, or his assigns," and we think the legislature clearly intended by the above language to require written notice

of such intention to be served on all persons known by the vendor to have acquired by purchase or otherwise the vendee's interest in the property. A similar statute exists in Minnesota, and the supreme court of that state, in Hage v. Benner, 111 Minn. 365, 127 N. W. 3, while not expressly so holding, uses language tending to support our views as above expressed. The court says:

"The further contention of defendant that the notice was erroneously served upon Scott cannot be sustained. Scott was the vendee named in the contract, and plaintiff had the undoubted right to treat him as the real party in interest, until informed to the contrary. While Scott assigned the contract to defendant prior to the notice of cancelation, it does not appear that plaintiff had either actual or constructive notice of the same. The assignment was not personally called to his attention, and it was not recorded until after the notice was served upon Scott."

The word "assigns," as used in our statute, should be given its broad meaning, and not restricted to mere assignees of the written contract. As supporting this construction, see Brown v. Crookston Agri. Asso. 34 Minn. 545, 26 N. W. 907. See also 1 Words and Phrases under the title "Assigns," and cases cited. In Shelly v. Mikkelson, 5 N. D. 22, 63 N. W. 210, this court gave to the word "assigns" a like significance. It was there said by Wallin, Ch. J.: "The obligation bound the vendee to accept a deed either from the plaintiff or his 'assigns,' as it might happen; in such a contract, the word 'assigns' must be construed to mean 'grantee.' " See also Nichols v. Tingstad, 10 N. D. 172, 86 N. W. 694.

We conclude, therefore, that in order to declare a forfeiture of such a contract as against Gehring, service of notice, under the facts, should have been made on him. This not having been done, he is entitled to the relief prayed for by him, and on the filing of the remittitur, the District Court will enter a new judgment accordingly, but giving defendant sixty instead of thirty days in which to redeem. Respondent to recover his costs on this appeal.

MORGAN, Ch. J., not participating; Goss, J., being disqualified, took no part in the decision, Hon. A. G. BURR, of the Ninth Judicial District, sitting in his place by request.