NELLIE BULLER, Respondent, v. AUGUSTA FALK and Louis
Falk, Appellants.

(171 N. W. 823.)

**Contracts — contracts for sale of land — cancelation — notice of cancelation.**

    1. Under § 8120, Compiled Laws 1913, relating to the foreclosure of land
contracts, which provides that notice of cancelation must be served "upon the
vendee or purchaser, or his assigns," it is incumbent upon the vendor in a
land contract, who has notice or knowledge of the fact that the vendee has
assigned his interest in the contract, to serve notice of cancelation upon the
assignee.

**Contracts — contract for sale of land — notice upon assignee of vendee required.**

    2. *Held* for reasons stated in the opinion that the land contract in the instant
case was not canceled by reason of the failure of the vendor to serve notice of
cancelation upon the assignee of the vendee.

Opinion filed March 1, 1919.

From a judgment of the District Court of Wells County, *Coffey, J.,*
defendants appeal.

Affirmed.

*J. J. Youngblood* and *B. F. Whipple,* for appellants.

A vendor is not obliged to regard an assignment in the absence of a
proper notice thereof. Comp. Laws 1913, § 7405, 39 Cyc. 1676.

There is no evidence or reason why a court of equity should protect
plaintiff from the effect of a statutory cancelation of the contract.
Nelson v. McCabe, 163 N. W. 724.

The evidence does not show any tender by plaintiff nor any offer or
ability to perform. Beiseker v. Anderson, 116 N. W. 94.

*F. F. McCue,* for respondent.

Where the party appealing does not specify that a review of the
entire case is demanded, the supreme court cannot try the case *de novo.*
Comp. Laws 1913, § 7846, and rule 31 of this court.

Failure to include all of the evidence offered at the trial in the state-
ment of the case for appeal precludes the appellate court from examin-

ing the findings of fact in the trial court. Edmondson v. White, 8 N. D. 72; State v. Scholfield, 13 N. D. 664.

In order to cancel a contract for the purchase of land, notice must be served upon the assignee of the purchaser under the contract. Williams v. Cory, 21 N. D. 516; Comp. Laws 1913, § 8120.

Hay in making service acted as the agent of the owner of the land. Comp. Laws 1913, § 6350; Jones v. Bumford, 21 Iowa, 217; Allen v. McCalla, 25 Iowa, 464; Hever v. Snow (Mass.) 14 Pac. 32.

One who has subjected himself to a forfeiture by breach of contract may, by making compensation, be relieved therefrom. Bennett v. Glaspell, 15 N. D. 239.

CHRISTIANSON, Ch. J. On October 18, 1915, the Citizens State Bank of Sykeston entered into a written contract with one John Boss, whereby it sold and agreed to convey unto him, or his assigns, an 80 acre tract of land in Wells county, upon the performance by said Boss of his part of the agreement. Boss agreed to pay $1,600 for the land, viz., $300 in cash, and $1,300 on demand, with 7 per cent interest from the date of the contract. The contract also contained this stipulation: "It is agreed and understood that as soon as party of the second part puts up buildings on above-described premises that party of the first part will deliver warranty deed and take back a first mortgage for an amount said party of the first part can place on the same and a second mortgage for the balance, to be paid in five annual instalments." It is conceded that John Boss paid the $300 cash payment stipulated in the contract. He also testifies that no demand was ever made upon him for the payment of the $1,300, and that the cashier of the vendor bank stated that they would rather have the money continue to earn interest. The cashier, however, denied this. It is undisputed that John Boss afterwards assigned the contract to the plaintiff by written assignment dated November 1, 1916. It is also undisputed that the vendor, the Citizens State Bank of Sykeston, on November 3d, 1916, conveyed the premises to the defendant Augusta Falk by warranty deed. It is conceded that the defendant had full knowledge of the outstanding contract to John Boss. The defendant admitted that she at no time caused any demand to be made upon John Boss for the payment of the balance due on the purchase price. She did, however, institute proceedings to

41 N. D.—40.

foreclose the contract under the provisions of §§ 8119–8122, Compiled Laws 1913. The notice of cancelation bears date November 10, 1916, and states that the cancelation and termination of the contract will take effect upon the expiration of thirty days after the service thereof. The notice is addressed to "John Boss, *and to whom it may concern.*" It was served upon John Boss on November 11, 1916. At the time of the service John Boss notified the person serving it that he was no longer interested in the matter, but had sold and assigned all his interests in the land and the contract to the plaintiff, Nellie Buller. The grounds of default specified in the notice were the failure to pay the sum of $1,300, with 7 per cent interest from October 18, 1915; and the failure to put up buildings on the land. The notice of cancelation was served upon Boss alone. The plaintiff, Nellie Buller, was not served in any manner. On December 13, 1916, she notified the defendant Augusta Falk that she held an assignment of the contract from Boss, and that she had the money, and stood ready to pay the balance due on the contract. Some reference was also made to some alleged defect in the title which she desired to have cured. The defendant refused the offer on the ground that the contract had already been canceled. Plaintiff thereupon brought the instant action to enforce the contract. The trial court made findings and conclusions in favor of the plaintiff, and defendants appeal from the judgment entered thereon.

So far as the ultimate rights of the parties are concerned, the important and controlling question in the case is whether the contract for deed has been canceled. If it has, then of course the plaintiff has no standing whatever. But if it has not been canceled then the contract is binding upon the parties to this litigation, and the plaintiff is entitled to a conveyance of the premises upon complying with the terms of the contract.

The only default specified in the notice of cancelation worthy of notice is the one relating to the failure to pay the balance due on the purchase price. The alleged default in failing to construct buildings is, in our opinion, of no consequence. The stipulation with regard to the construction of buildings has already been set out in full. It speaks for itself. It merely provides that when such buildings are constructed the vendor will give to the vendee a warranty deed and take back certain mortgages for the balance due on the purchase price. Under the

evidence the trial court was justified in finding that no demand was ever made either upon Boss or the plaintiff for the balance due upon the purchase price, and that the vendor did in fact state to the vendee that there was no use to pay the money "before five years." The defendant asserts that the service of the notice of cancelation was a demand for payment. This is probably true. But it is also true that, when the notice was served, Boss informed the agent of the defendant who served the notice that he (Boss) was no longer interested in the matter, but that he had assigned his contract to the plaintiff.

Under the statute relating to the foreclosure of land contracts, notice of cancelation thereof must be served "upon the vendee or purchaser, or his assigns." Comp. Laws 1913, § 8120. The word "assigns" as used in the statute includes an assignee of the purchaser. Williams v. Corey, 21 N. D. 509, 31 N. W. 457, Ann. Cas. 1913B, 731. And where the vendor has knowledge or notice of the fact that the vendee in a land contract has assigned his interest therein to some other person, it is incumbent upon the vendor to serve notice of cancelation upon such other person. Ibid.

It will be noticed that the notice of cancelation in the case at bar was addressed "to John Boss and to whom it may concern." The very form of the notice indicates that the defendant supposed that someone besides Boss was, or might be, interested in the matter. When the notice was served on Boss he informed the agent of the defendant who served it that the plaintiff was his assignee and as such properly entitled to be served with notice, and yet no such service was made. We do not believe that under these circumstances the defendant is in a position to insist that the contract has been canceled. At all events the decision of the trial court is just. The defendant Augusta Falk will receive the full amount of the purchase price and interest stipulated for in the contract. We are of the opinion that the judgment should be affirmed, with the further provision that the plaintiff shall pay to the defendant Augusta Falk any taxes which she may have paid upon the premises, with legal interest thereon. Neither party will recover costs on this appeal.