## BUILDING INDUSTRIES, INC., AND ANOTHER v. WRIGHT PRODUCTS, INC.[1]

December 18, 1953.

No. 36,050.

[1]Reported in 62 N. W. (2d) 208.

474

*Neumeier, Harrigan & Eckberg,* for appellant.
*A. H. Markert* and *John A. Burns,* for respondents.

FRANK T. GALLAGHER, JUSTICE.

This is an appeal from an order of the district court denying defendant's alternative motion for amended findings of fact and conclusions of law or for a new trial. The action was heard by the court without a jury and resulted in judgment for plaintiffs requiring defendant to specifically perform its option agreement by conveyance of certain real estate.

In 1940, a corporation under the name of Wright Products, Inc., was organized as a Minnesota corporation. It subsequently acquired the real estate which is the subject of this action. In June 1944, voluntary proceedings were commenced for the dissolution of Wright Products, Inc. In January 1946, Building Industries, Inc., one of the plaintiffs here, leased the real estate involved for a term of five years. The lease provided in part:

"Lessor gives to Lessee the privilege of purchasing the said premises at any time before the expiration of this lease for $8500.00."

The lease was executed in the name of Wright Products, Inc., as lessor and was signed by F. J. Wellmerling, as president, and A. H. Hauer, as secretary. Wellmerling had also been appointed trustee for the dissolution of Wright Products, Inc. The corporation which is the defendant in this action was organized on December 31, 1947, also under the name of Wright Products, Inc., and allegedly has the same officers and shareholders as the Wright Products, Inc., dissolution of which was begun in 1944.

On November 13, 1948, Building Industries, Inc., wrote defendant indicating its intention to exercise its option to purchase the leased premises and requested that defendant clear the title. In response to this request, defendant successfully prosecuted an action to quiet title to the premises involved.

On January 31, 1951, A. H. Markert, an attorney, made a purported tender to defendant of the purchase price stated in the option agreement. He claimed to represent both Building Industries, Inc., and Bernard A. VanderHeyden, who, it appears, had agreed to purchase the interest of Building Industries, Inc., under the lease and option agreement and who is also plaintiff in this action. Defendant rejected this purported tender, and both plaintiffs brought action for specific performance of the option agreement. The trial court ordered that the conveyance be made by warranty deed to either Building Industries, Inc., or to Bernard A. VanderHeyden.

■ On appeal, defendant first urges that the lease was void *ab initio* since it was entered into after the corporation organized in 1940 had been terminated. M. S. A. 300.59, prior to 1951, provided:

"Every corporation whose existence terminates by limitation, forfeiture, or otherwise shall continue for three years thereafter for the purpose of prosecuting and defending actions, closing its affairs, disposing of its property, and dividing its capital, but for no other purpose."

Defendant argues that, since the lease could not have been performed within the three years referred to in § 300.59, it was void *ab initio*. We have been referred to no authority supporting this proposition, and our independent research has revealed none. In any event, we deem it unnecessary to decide this issue since we conclude that the trial court correctly decided that there was no evidence that the existence of the original Wright Products, Inc., had been terminated so as to render § 300.59 applicable.

Section 301.56 provides:

"When a corporation has been completely wound up, the court, if the proceeding is subject to the supervision of the court, shall make an order adjudging the corporation to be dissolved; and if

the proceeding is out of court, the trustee or trustees shall sign and acknowledge a certificate stating that the corporation has been completely wound up and is dissolved.

"The order or certificate of dissolution shall be filed for record with the secretary of state and thereupon the corporate existence shall terminate."

No evidence was presented to indicate that such a certificate had been filed. Section 301.11 provides that the filing of such a certificate shall not constitute constructive notice of its contents. Therefore, the trial court could not properly have found that the original Wright Products, Inc., had been terminated for purposes of applying § 300.59.

Defendant next contends that the manner in which the tender of the purchase price was made on behalf of plaintiffs was so indefinite and confusing that it was not effective to exercise the option. According to defendant's claim, this confusion arose largely from the fact that the tender was accompanied by a request that the deed to the leased premises be made to Bernard A. VanderHeyden, the assignee of the interest of Building Industries, Inc., under the lease and option agreement. Defendant claims that it was unaware that an effective assignment had been made from Building Industries, Inc., to VanderHeyden and so did not feel safe in making the conveyance to him. The record, however, does not indicate that any confusion in fact existed at the time the tender was refused. It further appears that defendant was offered the alternative of conveying directly to Building Industries, Inc., its original lessee, if it felt more secure in so doing. We feel that the trial court was correct in its memorandum in observing that defendant's objection to the tender was a mere technicality lacking in merit. See, Poehler v. Reese, 78 Minn. 71, 80 N. W. 847.

Finally, defendant contends that it was justified in refusing plaintiffs' tender, since the tender was accompanied by a demand for a warranty deed to the premises and plaintiffs were not entitled to make such a demand. The option agreement was silent as to the type of conveyance required. In such circumstances there exists an

implied obligation to convey marketable title. Drake v. Barton, 18 Minn. 414 (462); Summers v. Midland Co. 167 Minn. 453, 209 N. W. 323, 46 A. L. R. 816; 6 Dunnell, Dig. & Supp. § 10022. In Drake v. Barton, 18 Minn. 414 at p. 420 (462 at p. 469), the court stated:

"* * * in every contract for the sale of lands, the vendor, unless he acts in a mere ministerial or fiduciary capacity, or there is something in the terms of the contract or attendant circumstances which shows a contrary intention, engages not merely to give a good title, but also to convey by a deed containing the usual covenants.

* * * * *

"With respect to this state, we think we are justified in adding that a deed with 'the usual covenants for title,' would be considered to include what is understood by 'a warranty deed with full covenants,' as in the judgment in question it is expressed."

It is our opinion that under the circumstances here plaintiffs were entitled to demand that the conveyance be made by means of a warranty deed. Drake v. Barton, *supra;* Fleckten v. Spicer, 63 Minn. 454, 65 N. W. 926.

We conclude that the record amply sustains the finding of the trial court:

"* * * when Wright Products, Inc. No. 2 took over the assets of corporation No. 1, it took over the real estate herein referred to, with other properties, subject to the provisions of said lease-option contract with plaintiff Building Industries, Inc."

Affirmed.