Carl A. BRATNOBER and Robert Bratnober, Plaintiffs,

v.

ILLINOIS FARM SUPPLY COMPANY, an Illinois corporation, Defendant.

Carl A. BRATNOBER and Robert Bratnober, Plaintiffs,

v.

BOND COUNTY SERVICE COMPANY, an Illinois corporation, Defendant.

Carl A. BRATNOBER and Robert Bratnober, Plaintiffs,

v.

MACOUPIN ELEVATOR COMPANY, an Illinois corporation, Defendant.

Carl A. BRATNOBER and Robert Bratnober, Plaintiffs,

v.

CLARK SERVICE COMPANY, an Illinois corporation, Defendants.

Carl A. BRATNOBER and Robert Bratnober, Plaintiffs,

v.

SOUTHERN ILLINOIS GRAIN COMPANY, an Illinois corporation, Defendant.

Civ. Nos. 3-58-246-250.

United States District Court
D. Minnesota,
Third Division.
Dec. 31, 1958.

L. E. Matteson, St. Paul, Minn., Donald E. Shanahan, St. Paul, Minn., of counsel, for plaintiff.

Joseph M. Finley and Eugene M. Warlich, St. Paul, Minn., Doherty, Rumble & Butler, St. Paul, Minn., of counsel, for defendants.

DONOVAN, District Judge.

This matter comes before the Court on motion by plaintiffs for (a) summary judgment in their favor, (b) to strike from the records of the Clerk of this Court judgments entered against plaintiffs, and (c) to permanently enjoin defendants from levying execution or otherwise enforcing said judgments against plaintiffs. Said judgments were entered in the United States District Court for the Northern District of Illinois, following trial before court and jury, at the instance of the defendants in the present case, who were plaintiffs in the Illinois court, and in which proceeding Independent Silo Company, a Minnesota corporation (hereinafter referred to as Silo),

was the defendant. The judgments were filed in this Court on November 6, 1957.

Plaintiffs now before this Court are the majority stockholders of Silo. On February 2, 1953, Silo began dissolution pursuant to Minnesota law.[1] Silo's principal business was the sale and erection of silo barrels used for converting corn and grass into silage. These barrels were also used for soy bean and grain elevator storage.

The defendant in each of five different suits here concerned is affiliated with an organization known as the Illinois Farm Supply Company, which in turn is affiliated with The Farm Bureau, a membership organization. During the year 1948, Silo sold and erected two grain barrels for the Bond County Service Company; during the year 1949, it sold and erected three grain barrels for the Southern Illinois Grain Company; during the year 1950, it sold and erected four grain barrels for the Clark Service Company, and two grain barrels for the Macoupin Service Company; and during the year 1952, it sold and erected two grain barrels for the Illinois Farm Supply Company.

All of the above grain barrels housed machinery for conveyors purchased from the Union Iron Works, at Decatur, Illinois. Each of the defendants in the cases at bar, during the year 1955, made claim for damages against Silo, claiming in substance a breach of warranty, and that the grain barrels as purchased were not suitable for grain storage, and that the barrels commenced to shift, lean, bulge and become deformed.

Silo refused the alleged claims mainly because each of the claimants made no effort to comply with the Uniform Sales Act, and further, that the deformity of the barrels was the result of their own carelessness and neglect, and contended that there was no liability of Silo.

Later, during the year 1955, each of the said claimants commenced an action in the United States District Court for the Northern District of Illinois against

1. 20 Minnesota Statutes Annotated, §§ 301.47, 300.59.

Silo for damages. Prior to dissolution, Silo was authorized to do business in the State of Illinois, but withdrew from said state immediately following dissolution. Service of process was made by serving the summons on the Secretary of State in Illinois. Thereafter, the trustee of the dissolved corporation engaged Louis G. Davidson, a Chicago lawyer, to interpose an answer to each of the five actions pending in Illinois.

On February 2, 1956, the trustee in the voluntary dissolution of Silo filed his Certificate, as provided in Section 301.56, Minnesota Statutes Annotated, with the Secretary of State of Minnesota, after which plaintiffs contend Silo was wholly defunct for any purpose as provided by Section 300.59, Minnesota Statutes Annotated.

On or about May 24, 1956, Louis G. Davidson, the lawyer engaged by the said trustee of Silo, filed a motion in the said Illinois court to abate all of the actions since the extended life of the corporation had expired. The Illinois court denied this motion, stating that "in the absence of a full showing of the facts relating to defendant's alleged dissolution, its purpose and effect, the motion should be denied."

Prior to June 17, 1957, the said Louis G. Davidson received notice that all of the said actions were set for trial on June 17, 1957. He appeared before the court on that date and asked to be permitted to withdraw as counsel for Silo. The court granted the request and filed its order accordingly. The pleadings were not withdrawn.

Immediately thereafter, the Illinois actions were again set for trial for June 25, 1957, notice of which was not given to anyone. All of the cases were called for trial on said date and no one appeared for Silo. The actual trial before the court and jury occurred on June 26, 1957.

The Illinois claimants (who are defendants in these cases) admit that no application for judgment by default was filed under Rule 55(b)(2) of the Federal Rules of Civil Procedure, 28 U.S.C.A., and they contend that the judgments obtained in Illinois were not default judgments, since there was a hearing before court and jury on all issues not admitted by Silo's answer.

When the cases were called for trial on June 26, 1957, the complaints were amended ex parte and no notice of said amendments was given nor was service of process made on anyone having an interest therein. These amendments were made without the knowledge and consent of Silo. Although this resulted in increasing the ab damnum clause in three of the complaints, defendants in the cases at bar deny that these amendments constituted a new and substantially different cause of action. Following amendment, the evidence was presented and received, and a verdict was directed against Silo in each instance.

Plaintiffs in the instant cases now attack the said judgments as being void and absolute nullities, on the following four grounds: (1) that all of the Illinois actions abated on February 2, 1956, and that by reason thereof the Illinois court was without jurisdiction to order any entry of judgment; (2) that since no application was made in the Illinois actions for a default judgment as provided by the Rules, the judgments were absolute nullities for failure of due process of law; (3) that failure to give notice of filing a supplemental complaint on the day of prove-up, and obtaining judgments on the supplemental complaint, which was made instanter and ex parte, caused said judgments to be void and nullities for failure of service of process; (4) that said Illinois judgments were obtained by fraud and deception on the court, and on the plaintiffs herein.

Defendants contend: (a) The judgments involved herein were not based on default. (b) The amendment to the complaint at best is "harmless error" subject to correction. (c) Evidence of the Trustee's Certificate as filed was not offered or received at trial of the Illinois case; hence no resort can be had by plaintiffs in the present case to Minnesota Statutes Annotated, Section 300.59.

▮▮ The Court has jurisdiction.[2] A motion for summary judgment is an extreme remedy, and should be granted only in the absence of a genuine material fact issue, and the burden of demonstrating such absence is upon the moving party, against whom all doubts must be resolved.[3] In all other respects disposition of the instant case is controlled by the substantive law of Minnesota.[4]

In support of plaintiffs' contentions, it is urged that abatement and vacation of the Illinois judgment should be granted because, among other reasons, defendants practiced "fraud and deception on the court and on the plaintiffs herein." These are allegations of genuine facts that are put in issue by the pleadings and affidavits on file in the instant cases.

▮▮ It is well-established Minnesota law that if a corporation continues to exist as a legal entity, it is subject to suit regardless of whether it has ceased to do business or has liquidated its assets.[5] At common law the rule was different.[6] The provisions of Minnesota Statutes Annotated, Section 300.59 limiting the activities of the corporation after its termination are not applicable, when there was no evidence before the Illinois court that the certificate of dissolution of corporate existence had been filed.[7]

▮▮ In the Illinois case, as I view it, there was no default. The case was at issue by service and filing of appropriate process and pleadings. All parties were represented by counsel up to the time that counsel for the defendant "walked out" of the case. The answer was not withdrawn.[8]

▮▮ A prior judgment will not be set aside where the complaining parties are themselves at fault[9] and were not deprived of their opportunity to defend on the merits. "The imperative condition" of equitable intervention is that the moving parties must make it clearly appear that they have a good defense to the action, and by fraud, mistake, or like equitable basis, they were deprived of their day in court, and this only in the absence of fault or neglect on the part of movants, for public policy requires "that there shall be an end to litigation."[10]

▮▮ Based on the foregoing, the Court is of the opinion that plaintiffs' motions must be, and the same are denied.

It is so ordered.

2. 28 U.S.C.A. Federal Rules of Civil Procedure, Rule 60(b); Hadden v. Rumsey Products, 2 Cir., 196 F.2d 92.

3. Warner v. First National Bank of Minneapolis, 8 Cir., 236 F.2d 853, 857.

4. Chicago Great Western Railway Company v. Robinson, 8 Cir., 243 F.2d 389, 391.

5. Kopio's, Inc. v. Bridgeman Creameries, 248 Minn. 348, 351, 79 N.W.2d 921, 924.

6. Bowe v. Minnesota Milk Co., 44 Minn. 460, 463, 47 N.W. 151, 152.

7. Building Industries, Inc. v. Wright Products, 240 Minn. 473, 475, 476, 62 N.W.2d 208, 209, 210.
   The Illinois statutory law is in accord with the pertinent Minnesota statutes. See: Ill.Rev.Stat.1957, ch. 32, §§ 157.78, 157.80, 157.81, 157.94; Life Association of America v. Fassett, 102 Ill. 315; Eau Claire Canning Co. v. Western Brokerage Co., 213 Ill. 561, 73 N.E. 430; Galter v. Federal Trade Commission, 7 Cir., 186 F.2d 810, 815, 816.

Comparison of statutes of other states is not particularly helpful. See: Wis. Stats.1923, §§ 181.02, 181.03; State ex rel. Pabst v. Circuit Court for Milwaukee County, 184 Wis. 301, 199 N.W. 213; Compare Wis.Stats.1957, §§ 180.-753, 180.767. Compare: Building Industries, Inc. v. Wright Products, supra.

8. Bass v. Hoagland, 5 Cir., 172 F.2d 205, certiorari denied 338 U.S. 816, 70 S.Ct. 57, 94 L.Ed. 494; Commercial Casualty Ins. Co. v. White Line Transfer & Storage Co., 8 Cir., 114 F.2d 946 (where there was no reply to a counterclaim), and Ken-Mar Airpark Inc. v. Toth Aircraft & Accessories Co., D.C., 12 F.R.D. 399, are not in point as default judgments were entered.

9. In re Innis, 7 Cir., 140 F.2d 479, 481.

10. Talbott v. Pickford, 36 App.D.C. 289, 298, affirmed 225 U.S. 651, 657, 32 S.Ct. 687, 56 L.Ed. 1240; Thomas v. Marvins Credit, D.C.Mun.App., 76 A.2d 773, 776.