HENRY G. HENDERSON v. NORTHWESTERN HEATING ENGINEERS, INC., AND OTHERS.

144 N. W. (2d) 46.

July 8, 1966—No. 40,041.

*Tyrrell, Jardine, Logan & O'Brien* and *Robert A. Nicklaus,* for appellants.

*Michael J. Bolen,* for respondent.

NELSON, JUSTICE.

Defendants Northwestern Heating Engineers, Inc., a Minnesota corporation, and Albert E. Arsenault, its trustee in dissolution, appeal from an order of the district court denying their motion for dismissal on insufficiency of process.

Plaintiff commenced an action in negligence against appellants and another for the destruction of his building by fire on June 6, 1959. On December 21, 1960, the board of directors of the defendant corporation adopted a plan for its complete liquidation. The plan was ratified by the shareholders on March 30, 1961, and on April 2, 1961, the shareholders by unanimous vote adopted a resolution for dissolution and designated Albert E. Arsenault trustee in dissolution. Prior to dissolution, Albert E. Arsenault had been the corporation's secretary-treasurer. The certificate of adoption of said resolution was filed with the secretary of state on July 23, 1962, pursuant to Minn. St. 301.47, subd. 2. On July 25, 1962, Arsenault filed a certificate of trustee in the voluntary dissolution with the secretary of state. The plaintiff served two copies of summons and complaint in this action on Arsenault on March 5, 1965. No substitute service on the corporate defendant was attempted through the secretary of state pursuant to Minn. St. 543.08.

The corporate defendant and its trustee in dissolution filed a separate answer alleging, among other defenses, improper service of process and thereafter moved to dismiss plaintiff's complaint on that ground. Summary judgment was also sought on the ground that the statute of limitations would have run in the event that a dismissal was not granted.

The trustee, in an affidavit attached to the motion for dismissal, alleged that the defendant corporation had ceased to do business prior to the filing of the certificate of voluntary dissolution; that he had ceased to perform any functions as trustee or as an officer approximately 3 or 4 months prior to such filing; and that he had not performed duties nor acted under either authority since the filing.

It appears that by agreement of the attorneys for the parties, the motion for dismissal was heard on the sole issue of whether, as a matter of law, service of process on the secretary of state was the exclusive and only valid method of service on a dissolved corporation.

The issue on appeal is whether proper service of process has been effected where service is made on the trustee in dissolution of a dissolved corporation within 3 years after the corporation has been dissolved; also whether, where a trustee in the voluntary dissolution of a domestic corporation has filed with the secretary of state the corporation's certificate of adoption of resolution for dissolution and his certificate of dissolution, service of process on such corporation must be made exclusively upon the secretary of state pursuant to Minn. St. 543.08, or whether, as in the case at bar, service of process on such corporation is sufficient if served upon one of its officers or upon its trustee.

Our legislature in Minn. St. 301.46, et seq., has set out specific requirements for the dissolution of a corporation. It appears from the record that defendant corporation went through voluntary dissolution out of court. Minn. St. 300.59 provides:

"Except for [nonprofit corporations] every corporation whose existence terminates by limitation, forfeiture, or otherwise shall continue for three years thereafter for the purpose of prosecuting and defending actions, closing its affairs, disposing of its property, and dividing its capital, but for no other purpose."

Minn. St. 301.56 provides in part:

"When a corporation has been completely wound up, * * * and if the proceeding is out of court, the trustee or trustees shall sign and acknowledge a certificate stating that the corporation has been completely wound up and is dissolved.

"The order or certificate of dissolution shall be filed for record with the secretary of state and thereupon the corporate existence shall terminate."

In Kopio's, Inc. v. Bridgeman Creameries, Inc. 248 Minn. 348, 350, 79 N. W. (2d) 921, 923, this court held:

"* * * M. S. A. 301.56 provides that corporate existence 'shall terminate' upon the filing of the certificate of dissolution with the secretary of state. While perhaps not specifically set forth, it is apparent from this

section * * * that only after the filing of such a certificate is there a formal termination of corporate existence."

We think it clear that since the corporate existence continues for the limited purposes specified in § 300.59 for 3 years after its "existence terminates," and its existence terminates under § 301.56 upon the filing of the certificate of dissolution with the secretary of state, it follows that the legislature intended to extend the corporate existence for 3 years after the filing date of the certificate of dissolution. In essence, this view was expressed in Building Industries, Inc. v. Wright Products, Inc. 240 Minn. 473, 62 N. W. (2d) 208, in which this court held that where no evidence was presented to indicate that such a certificate had been filed, the trial court could not properly find that the corporation involved had been terminated for the purpose of applying § 300.59.

Since § 300.59 specifies that the corporation shall continue for "the purpose of * * * defending actions" after its existence has terminated, it would only be reasonable to assume that the legislature must have anticipated that there would be someone upon whom pleadings could be served, other than to proceed by substituted service. Defendants contend that the only person that can be served after the certificate has been filed is the secretary of state and cite Kopio's, Inc. v. Bridgeman Creameries, Inc. *supra,* as authority. In that case the plaintiff attempted to serve the former branch plant manager of the defendant corporation after the resolution of corporate dissolution had been filed. This court rejected the view that anyone who was authorized to receive service on behalf of the corporation prior to dissolution could be properly served with process after the dissolution had been made complete and ruled that a former agent whose connections with and responsibilities to a corporation have been severed does not satisfy the requirement of a person who could reasonably be expected to apprise the corporation of the service and the pendency of the action. This court then suggested that such a person would be the secretary of state under § 543.08, and further noted that "under § 301.52 the trustee is given the power to defend actions, which would seem to carry with it, by implication, the authority to receive process." 248 Minn. 356, 79 N. W. (2d) 927.

400

The only remaining question is whether Arsenault's position as trustee had terminated upon his filing of the notice of dissolution with the secretary of state. Except for Minn. St. 301.47, subd. 4, which provides for removal of a trustee by the majority vote of the shareholders, the statutory provisions applicable to corporate dissolution do not specify when the trustee's duties and powers will terminate. Since § 301.56 provides that "[t]he title to any assets omitted from the winding up shall vest in the trustee," it would seem clear that the trustee's duties do not necessarily terminate with his filing of the certificate of dissolution. Since one of the duties of the trustee enumerated in § 301.52 is to defend the corporation against claims, it must follow that his capacity as trustee will continue so long as the corporation can be legally subjected to claims. Since under § 300.59 the corporation's existence continues for 3 years after the filing of the certificate for the purpose of defending actions, it must of necessity follow that the trustee will remain a trustee for the 3-year period. Such a holding would not only be reasonable, but practical, since even if the plaintiff had served notice on the secretary of state he could not defend the lawsuit and would have to notify the person charged with that responsibility and that would necessarily be the trustee in dissolution.

Therefore, since the plaintiff did serve the complaint on Arsenault in his capacity as trustee for Northwestern Heating Engineers, Inc., service of process was both effective and proper.

Affirmed.