# METTE L. ARNOLD v. JOSEPH VISENAUX.[1]

May 7, 1915.

Nos. 18,813—(37).

**Service of summons by publication.**
> Where the defendant in an action to determine adverse claims is a resident
> of the state, and has a record title in which his surname appears somewhat
> different from his true name, but such that from it he could be found and
> served within the state, jurisdiction cannot be acquired of him by publica-
> tion.

Action in the district court for Lake county to determine adverse
claims. Joseph Visenaux, otherwise known as Joseph Vezina,
moved to set aside the judgment so far as it affected his interest in
an undivided two-thirds of certain land described on the ground that
the judgment was entered without service of any summons or com-
plaint, without any appearance on the part of defendant, and was
without jurisdiction and void. The motion was heard and granted
by Cant, J. From the order setting aside the judgment as to de-
fendant Joseph Vezina, and from an order denying the motion of
Henry Bielli and Joseph La Fortune to set aside the preceding order,
plaintiff Mette L. Arnold and defendant Joseph La Fortune ap-
pealed. Affirmed.

*Arnold & Arnold,* for appellants.
*Lord & Wyman,* for respondent.

DIBELL, C.

Appeal from an order entered January 25, 1913, vacating as void
for want of jurisdiction a judgment entered December 9, 1909, in
favor of the plaintiff and against Joseph Visenaux and others; and
from an order of June 7, 1913, refusing to vacate the first mentioned
order.

On December 21, 1891, one Joseph Vezina received from the
United States, under the name of Joseph Visenaux, a patent to cer-

[1] Reported in 152 N. W. 640.

tain lands in Lake county involved in this action. In September, 1909, the plaintiff commenced an action against Visenaux and others to determine adverse claims. There was no personal service. It was alleged in the affidavit for publication that Visenaux was not a resident of the state of Minnesota and that he could not be found therein. The sheriff of Lake county, on September 13, 1909, made a return to the effect that he could not be found within Lake county. At that time he was transiently in the county. His home was in Carlton county, where he lived on a small farm. For many years prior to this time he was a resident of Minnesota. It is assumed that the service by publication was in due form.

On August 1, 1912, Vezina found that judgment had been entered against him. Proceedings to vacate it for want of jurisdiction were at once instituted. There is some evidence that the two names, as commonly pronounced in English, sound the same. There is some evidence, very slight, that the name was spelled both ways, and also Vizina. We are putting it favorably enough to the plaintiff when we hold that the showing was such as to justify a finding that an officer with a summons directed to Joseph Visenaux with reasonable diligence would have found Joseph Vezina, the real owner of the property, and that no jurisdiction was acquired by publication.

Orders affirmed.