## GEORGE N. SMITH v. EDWARD G. INCE.[1]

### November 2, 1917.

### No. 20,465.

**Process — affidavit for service by publication — "in this state" sufficient.**

> In actions to quiet title the statute permits service by publication "when the subject of the action is real or personal property within the state," etc., and the affidavit is required to state such ground. An affidavit stated "that the subject of this action is real property in this state," but did not give the name of the state. It is *held* that the affidavit was sufficient and that jurisdiction was acquired.

Action in the district court for Hennepin county to determine adverse claims to a vacant and unoccupied lot. The answer alleged that defendant was owner in fee simple of the land. The case was tried upon

[1]Reported in 164 N. W. 903.

stipulated facts before Fish, J., who made findings and ordered judgment in favor of plaintiff. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*Andrew Fawcett,* for appellant.

*John T. Hughes,* for respondent.

DIBELL, C.

Action to quiet title. Judgment for the plaintiff. The defendant appeals.

The plaintiff's title rests upon a judgment quieting title rendered in 1910 in favor of one Johnson against one Thwing. If that judgment was valid the plaintiff's title is good; otherwise title is in the defendant. Service was by publication and the judgment is good if jurisdiction was acquired. Jurisdiction was acquired if the affidavit of publication was sufficient. The statute permits service by publication in the following among other cases: "When the subject of the action is real or personal property within the state, in or upon which the defendant has or claims a lien," etc. G. S. 1913, § 7738, subd. 5. The affidavit must state the ground for publication. G. S. 1913, § 7737. The affidavit stated as follows: "That the subject of this action is real property in this state and that the above named defendants, and each of them, have or claim a lien," etc. The defendant claims that the affidavit is insufficient because it did not state that the real property was within the state of Minnesota. No other defect is claimed. The action was brought in Hennepin county and the venue of the affidavit was there. The defendant relies upon Gilmore v. Lampman, 86 Minn. 493, 90 N. W. 1113, 91 Am. St. 376. There the affidavit stated that the defendant "has property in this city and is the owner of the property described in the complaint." There was the usual venue to the affidavit. It was held that the affidavit could not be aided by reference to the complaint and that it was insufficient. There is a fair distinction between that case, which indeed went quite far enough, and this. There it was alleged that the defendant had property in "this city," but the city was not located either by reference to the county or to the state. Here the allegation is that the real property which is the subject of the action is "in this state," and the venue of the affidavit is laid in Hennepin county, Minnesota. The words "this state"

are referable to no other than Minnesota. The statute uses the words "the state." If the affidavit is not good it is because the name of the state must be given in the body of it. We think this is not the requirement. There must be a strict compliance with the statute to make effective constructive service. This affidavit constitutes such compliance.

Judgment affirmed.