## ALFRED WIIK AND OTHERS v. HARLAN T. RUSSELL AND OTHERS.[1]

February 17, 1928.

No. 26,573.

**Publication of summons must be begun within reasonable time after filing affidavit.**

1. Affidavit for publication of summons must be filed and publication of summons be commenced within a reasonable time after the sheriff's return of not found is made. A delay of over seven months *held* an unreasonable time.

**How real estate affected must be described in affidavit for publication.**

2. An affidavit for publication of the summons in an action to foreclose a mortgage or enforce a lien on real estate, G. S. 1923, § 9235(6), must state that the real estate affected is within this state, or contain a description thereof showing that it is located within this state. A mere reference to the description in the complaint is not sufficient. Such affidavit must also state either that a copy of the summons has been mailed to the defendant at his place of residence, or that such residence is not known to the affiant. G. S. 1923, § 9234.

**In what cases summons may be served by publication.**

3. Service of summons by publication may be made upon a defendant in any of the cases enumerated in G. S. 1923, § 9235, when, after due diligence in making search and inquiry, he cannot be found within the state, and no place of residence of such defendant where the summons can be served on him is found, and all other requirements of the statute to authorize service by publication are complied with. That defendant may be at the time present in the state and a resident thereof does not prevent the court from obtaining jurisdiction.

Liens, 37 C. J. p. 342 n. 62.
Mortgages, 42 C. J. p. 69 n. 17.
Process, 32 Cyc. p. 470 n. 51, 52; p. 473 n. 81; p. 487 n. 95 New.

See note in 37 L.R.A.(N.S.) 206; 21 R. C. L. 1295; 3 R. C. L. Supp. 1224.

[1]Reported in 218 N. W. 110.

Defendant Edward R. Sager appealed from an order of the district court for Hennepin county, Montgomery, J. denying his motion to dismiss as to him an action to foreclose a mechanic's lien. Reversed with directions.

*Tryon & Everett,* for appellant.

*Ohman, Fryberger & Wangaard,* for respondent Twin City Plumbing & Heating Company.

*Brill & Maslon,* for respondent Hennepin Lumber Company.

OLSEN, C.

Action to foreclose a mechanic's lien. Defendant Edward R. Sager appeals from an order denying his motion to have the action as to him dismissed. He is the holder of a mortgage upon the premises affected, made and recorded prior to the filing of plaintiff's lien, but which is claimed to have been given after the commencement of the building operations on the premises, and hence to be subsequent and subject to the lien.

The complaint in the action was filed August 21, 1926, and summons issued and delivered to the sheriff for service. On August 24 the sheriff made return on the summons that, after due and diligent search, he had been unable to find the defendant within the county and that defendant could not be found therein. On April 12, 1927, plaintiff's attorney made and filed affidavit for publication of the summons, and thereupon the summons was published, commencing April 13, 1927. On September 9, 1927, defendant appeared specially and moved that the action be dismissed as to him. The motion was thereafter heard and denied, and this appeal followed.

1. The appeal presents the one question of whether or not the service of the summons by publication, as here made, was valid so as to give the court jurisdiction over this defendant.

There was a delay of over seven months from the time the sheriff's return of not found was made before the affidavit for publication was filed. The plaintiff had a reasonable time after the sheriff's return was received in which to file affidavit for publication and commence publication of the summons. That time commenced to

run from the date the sheriff's return was received. The facts, that during the interval some search was made for the defendant, and that at one time an attorney, not shown to have been attorney for or in any way representing this defendant, may have made the remark that he was going to interpose an answer for defendant, do not furnish justification for a delay of seven months. What is a reasonable time is ordinarily a question of fact. It becomes a question of law when only one reasonable inference can be drawn from the facts shown, when the time is manifestly either reasonable or unreasonable. Some indication of what the lawmakers of this state have considered a reasonable time, under somewhat similar circumstances, may perhaps be gathered from G. S. 1923, §§ 9199, 9342. The sheriff's return speaks as of the date when it is made. Conditions may change and where, as here, there is no showing of actual nonresidence or absence, and reliance must be placed upon the failure to find the defendant within the county, there should be no presumption of continuance of that condition. The affidavit for publication and the publication of the summons were not supported or sustained by the sheriff's return made more than seven months prior thereto. The delay was manifestly an unreasonable time. Haney v. Haney, 163 Minn. 114, 203 N. W. 614; Canty v. Bockenstedt, 170 Minn. 383, 212 N. W. 905.

2. The affidavit for publication is subject to the same objection held fatal in the case of Gilmore v. Lampman, 86 Minn. 493, 90 N. W. 1113, 91 A. S. R. 376. That case was one to foreclose a mechanic's lien, the same as this, and there has been no material change in the statute since that time. It is there held that an affidavit, which fails to describe the property affected so as to show its location within this state and which fails to state that defendant has any property within this state, is insufficient and is not aided by reference to the complaint for a description of the property. This case is cited and stated to go "quite far enough" in the case of Smith v. Ince, 138 Minn. 223, 164 N. W. 903, and is cited as approved in the Haney case, 163 Minn. 114, 203 N. W. 614. It has not been reversed or modified. The only reference in the affidavit to the property affected in the case at bar is the statement that it

is "the premises described in said complaint on file and of record herein."

The statute requires the affidavit to state "either that he has mailed a copy of the summons to the defendant at his *place of residence*, or that such residence is not known to him." The affidavit here states neither fact. It does state that affiant has mailed a copy of the summons to *"the last known residence address"* of the defendant. The statement in the affidavit is not the same nor synonymous with the words used in the statute.

Service by publication is in derogation of the common law, and all statutory requirements must be strictly complied with. D'Autremont v. Anderson Iron Co. 104 Minn. 165, 116 N. W. 357, 17 L.R.A.(N.S.) 1091, 124 A. S. R. 623, 15 Ann. Cas. 389. The affidavit for publication in the present case was fatally defective.

3. It is urged that defendant was a resident of and present within the state and county at the time of the attempted service, and that service by publication upon such a resident is not due process. That service of summons by publication upon a resident of the state, who is present therein, may be made when such person either conceals himself for the purpose of avoiding service or when, after the exercise of due diligence in searching for him, neither he nor any place of his residence can be found in the state at which service can be made, appears to be settled by the cases of Van Rhee v. Dysert, 154 Minn. 32, 191 N. W. 53, and Jacob v. Roberts, 223 U. S. 261, 32 S. Ct. 303, 56 L. ed. 429. The liberal provisions of our statute as to the rights of such a defendant to have any judgment obtained vacated and to permit him thereafter to appear and defend sufficiently protect his rights. G. S. 1923, §§ 9236, 9283. What constitutes due diligence in the matter of search and inquiry is considered in the two cases cited and in Grigsby v. Wopschall, 25 S. D. 564, 127 N. W. 605, 37 L.R.A.(N.S.) 206, and note. These cases from other states arose under statutes which were held to require the affidavit to show the facts as to due diligence. Our own statute does not require the affidavit to state the facts as to what search and inquiry have been exercised. In this state therefore the question of whether or not due search and inquiry have been made

arises only when jurisdiction is properly challenged and the facts presented, as was done in the cases of Arnold v. Visenaux, 129 Minn. 270, 152 N. W. 640, and Van Rhee v. Dysert, 154 Minn. 32, 191 N. W. 53. The decision in the Arnold case goes only to the extent of holding that upon the facts there presented due diligence was not shown.

It is not necessary for the decision in this case to determine whether or not the record sustains the finding of due diligence in the search and inquiry for defendant. For the manifestly unreasonable delay in filing affidavit for and commencing publication of the summons, and for the defects in the affidavit for publication hereinbefore pointed out, the order appealed from must be and is reversed and the case remanded with directions to the court below to enter its order dismissing the action as to the defendant Edward R. Sager.

Reversed with directions.