KENNETH F. SCHUETT AND ANOTHER v.
MARYLYN E. JOHNSON POWERS AND ANOTHER.

180 N. W. (2d) 253.

October 2, 1970—No. 42227.

---

*John F. Fletcher,* for appellants.

*King, MacGregor & Lommen, Norman W. Larsen,* and *Phillip A. Cole,* for respondent.

Heard before Knutson, C. J., and Nelson, William P. Murphy, Otis, and James F. Murphy, JJ.

PER CURIAM.

This is a personal injury action in which the only issue is whether jurisdiction over defendants has been acquired by publication or by service on the commissioner of highways. If not, the statute of limitations has run. The trial court held that service in both instances was fatally defective and we affirm.

1. The accident occurred on May 2, 1963. Defendants were nonresidents. On May 2, 1967, plaintiffs filed their complaint with the clerk of district court along with an affidavit for publication alleging:

"That both defendants are non-resident individuals or are resident individuals who have departed from the State of Minnesota and cannot be found therein."

The affidavit fails to recite any of the jurisdictional facts required by Rule 4.04, Rules of Civil Procedure.[1] Furthermore, the rule authorizes publication only *after* the affidavit has been filed. Here, however, the publication began some 4 days *prior* to the filing of the affidavit.

Clearly, under our decisions the publication failed to confer on the court jurisdiction over defendants.[2]

---

[1] The relevant provisions of Rule 4.04, Rules of Civil Procedure, are as follows: "Such service shall be sufficient to confer jurisdiction:

"(1) When the defendant is a resident individual having departed from the state with intent to defraud his creditors, or to avoid service, or keeps himself concealed therein with like intent * * *."

[2] Barber v. Morris, 37 Minn. 194, 33 N. W. 559; Feikert v. Wilson, 38 Minn. 341, 37 N. W. 585; Brown v. St. P. & N. P. Ry. Co. 38 Minn. 506, 38 N. W. 698; Gilmore v. Lampman, 86 Minn. 493, 90 N. W. 1113; D'Autremont v. Anderson Iron Co. 104 Minn. 165, 169, 116 N. W. 357, 358; Pugsley v. Magerfleisch, 161 Minn. 246, 201 N. W. 323; Wiik v. Russell, 173 Minn. 580, 218 N. W. 110.

2. Apparently recognizing the deficiencies in their service by publication, plaintiffs attempted to acquire jurisdiction under Minn. St. 170.55. To that end, they mailed a summons and complaint to the commissioner of highways on April 21, 1969, and on the same date mailed notice to defendants. The commissioner received the summons and complaint on April 23, 1969. The statute requires plaintiff either to serve the commissioner or file a copy of the process in his office, and goes on to say:

"* * * provided that notice of such service and a copy of the process are within ten days thereafter sent by mail by the plaintiff to the defendant at his last known address and that the plaintiff's affidavit of compliance with the provisions of this chapter is attached to the summons." Minn. St. 170.55, subd. 1.

The question is whether that provision of the statute is jurisdictional. We hold that it is. The copy of process was not filed in the commissioner's office until he received it, 2 days after the notice was mailed to defendants. Hence, the provision requiring that notice be mailed to defendants "within ten days thereafter" was not followed and jurisdiction over them was not acquired. Johnson v. Brooks, 254 Iowa 278, 117 N. W. (2d) 457. The fact that the notices were returned undelivered did not correct the jurisdictional deficiency nunc pro tunc as plaintiff would have us hold.

Nor are we impressed by the argument that mailing notice to the commissioner of highways is equivalent to serving a copy on him under Rule 5.02 simply because the statute designates the commissioner of highways as defendant's "true and lawful attorney" for purposes of serving a nonresident.[3] In the first place, Rule 5.02 does not apply to the document which initiates the litigation, and in the second place the "attorney" to which the statute refers is an attorney in fact and not an attorney at law.

3. Finally plaintiff argues that defendants have submitted to jurisdiction by interposing an answer. There is no merit in this contention. The jurisdictional question was preserved in defendants' answer and under Rule 12.02 no longer need be raised by special appearance.

Affirmed.

MR. JUSTICE KELLY, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.

---

[3] Rule 5.02 provides that service upon the attorney may be had by mailing him a copy of the document to be served.