Frank WAREMBOURG and Kathy Warembourg, Appellants,

v.

CHICKASHA MOBILE HOMES, INC., Respondent,

Eastwood Homes, Inc., Defendant.

No. 82–336.

Supreme Court of Minnesota.

Nov. 12, 1982.

Roger A. Johnson, Minneapolis, for appellants.

Doherty Rumble & Butler, Bruce E. Hanson and William L. Sippel, St. Paul, for respondent.

TODD, Justice.

The plaintiffs Warembourg appeal from a judgment of dismissal entered in the district court in favor of the defendant Chickasha Mobile Homes, Inc., upon the basis of lack of jurisdiction for insufficient service of process. We reverse and remand. ·

On approximately March 13, 1976, the plaintiffs purchased a Chickasha mobile home from Eastwood Homes, Inc. ("Eastwood"), a Minnesota corporation and defendant Chickasha's distributor. Thereafter, the home allegedly proved defective in a number of respects. Defendant and Eastwood repaired several of the defects and asserted that others were the plaintiffs' fault and responsibility.

On March 1, 1977, Chickasha, a Delaware corporation with principal offices in Chickasha, Oklahoma, filed a certificate of dissolution with the Delaware Secretary of State. Because the defendant had not obtained a Minnesota certificate of authority to transact business in this state, it did not file a Minnesota certificate of dissolution. Those factors are not dispositive of this appeal.

The plaintiffs attempted to commence this action by service of process upon the defendant and Eastwood by filing with the Minnesota Secretary of State. The documents were addressed to corporations and the Secretary of State forwarded a copy to each pursuant to Minn.Stat. § 303.13, subd. 1(3) (1980). The defendant's copy, addressed to its Oklahoma main office, was returned undelivered. Eastwood's copy was also returned, although personal service was ultimately made upon it on February 9, 1978.

The plaintiffs filed their complaint on January 2, 1979 to recover damages for breach of contract, for loss of personal property stored in the mobile home, for emotional distress, together with punitive damages and attorney fees. Because the defendant had received actual notice from Eastwood, it filed an answer to the complaint, seeking a dismissal based upon insufficient service of process.

The district court granted the defendant's motion to dismiss, but tolled the applicable statute of limitations as of the time the defendant served its answer to facilitate service by the plaintiffs upon the defendant's trustees in dissolution; the plaintiffs did not attempt duplicate service upon the trustees.

The sole questions on appeal relate to the sufficiency of the service of process upon the defendant and the propriety of the order of the trial court tolling the applicable statute of limitations.

The plaintiffs filed service with the Minnesota Secretary of State approximately 10 months after the defendant foreign corporation was dissolved. The trial court, in holding such service ineffective, found that Minn.Stat. § 303.13, subd. 1(3) (1980) was inapplicable essentially because the defendant had not obtained a certificate of authority and was therefore not a "foreign corporation authorized to transact business in this state" at the time service was filed.

However, in our view, Minn.Stat. § 303.13, subd. 1(3) (1980) is both applicable and dispositive. It provides that a foreign corporation shall be subject to service of process as follows:

\*       \*       \*       \*       \*       \*

(3) If a foreign corporation makes a contract with a resident of Minnesota to be performed in whole or in part by either party in Minnesota, or if a foreign corporation commits a tort in whole or in part in Minnesota against a resident of Minnesota, such acts shall be deemed to

be doing business in Minnesota by the foreign corporation and shall be deemed equivalent to the appointment by the foreign corporation of the secretary of the state of Minnesota and his successors to be its true and lawful attorney upon whom may be served all lawful process in any actions or proceedings against the foreign corporation arising from or growing out of the contract or tort. Process shall be served in duplicate upon the secretary of state, together with a fee of $10 and the secretary of state shall mail one copy thereof to the corporation at its last known address, and the corporation shall have 20 days within which to answer from the date of the mailing, notwithstanding any other provision of the law. The making of the contract or the committing of the tort shall be deemed to be the agreement of the foreign corporation that any process against it which is so served upon the secretary of state shall be of the same legal force and effect as if served personally on it within the state of Minnesota.

Under the facts here presented, the statute may not be read as restrictively as defendant suggests, to require service here upon its trustees in dissolution or its registered agent only, particularly where no certificate of dissolution is of record in this state. Defendant's attempts to analogize the instant matter with the facts presented in *Henderson v. Northwestern Heating Engineers, Inc.,* 274 Minn. 396, 144 N.W.2d 46 (1966) and *Kopio's, Inc., v. Bridgeman Creameries, Inc.,* 248 Minn. 348, 79 N.W.2d 921 (1956), each dealing with voluntarily dissolved domestic corporations, are inappropriate.

Instead, the record indicates that the plaintiffs followed the statutory procedures contained in section 303.13, subd. 1(3) by effecting service upon a foreign corporation through the Minnesota Secretary of State. The statute requires that process be sent to the foreign corporation's last known address and does not speak of trustees nor agents. Such service was therefore statutorily sufficient. Moreover, the rationale of the rules relating to service of process, that service be limited to those who could reasonably be expected to apprise the corporation of the service and pendency of the action, has been satisfied as a practical matter. *Kopio's, Inc., v. Bridgeman Creameries, Inc.,* 248 Minn. 348, 355, 79 N.W.2d 921, 926 (1956).

Because we have held that service of process was here sufficient to confer jurisdiction over the defendant foreign corporation, we need not examine the propriety of that portion of the trial court's order tolling the statute of limitations.

Reversed and remanded.