**Donna R. WOOD, Appellant,**

v.

**Calvin George MARTIN, Respondent.**

No. 82–661.

Supreme Court of Minnesota.

Jan. 7, 1983.

Cloutier & Musech, Minneapolis, for appellant.

Lommen, Nelson, Sullivan & Cole and Mark Stageberg, Minneapolis, for respondent.

SIMONETT, Justice.

This appeal questions the validity of a service of process made under Minn.Stat. § 170.55 (1980), when, at the time service was made on the commissioner of public safety, the named defendant nonresident motorist was deceased. The trial court, on motion, dismissed the action for lack of jurisdiction and insufficient service of process. We affirm.

Plaintiff-appellant Donna R. Wood was injured in a Minnesota auto accident on March 11, 1976, with defendant Calvin George Martin, an Iowa resident. On November 8, 1981, about 4 months before the expiration of the applicable 6-year statute of limitations, plaintiff commenced a Minnesota lawsuit against Martin as the named defendant. Pursuant to Minn.Stat. § 170.-

55, subd. 1 (1980), she filed a copy of her summons and complaint with the Minnesota Commissioner of Public Safety and timely mailed a copy, together with notice of service and affidavit of compliance with the ` statute, to Calvin George Martin at his last known address in Milo, Iowa.

Unknown, however, to plaintiff, on February 22, 1980, some 20 months before service on the commissioner, Martin had died. His widow, on receipt of the mailed process, turned over the papers to the attorneys for her husband's estate, who forwarded them to Martin's auto insurer. On December 8, 1981, counsel retained by the insurer timely served an answer alleging lack of personal jurisdiction over the defendant, insufficient service of process, and the defense of the statute of limitations. The answer also alleged defendant Martin was deceased "as of the present time." This allegation might be construed to suggest, unfairly, that Martin was living at the time the summons and complaint were served, but the point is moot since plaintiff-appellant's brief states that "the attorneys handling Mr. Martin's estate * * * contacted the attorneys for Appellant and acknowledged that the estate had notice of the claim" and "thereafter" forwarded the suit papers to the insurer. Thus, it is clear that sometime prior to December 8 plaintiff knew that at the time service of process was made on November 8 Calvin George Martin was then deceased.

After the 6-year statute of limitations had run, defendant moved to dismiss, and the trial court granted the motion. Plaintiff-appellant appeals, arguing that she had complied in all respects with section 170.55 and her service of process should be deemed valid. Subdivision 1 of that section provides in part:

The use and operation * * * by a non-resident * * * of a motor vehicle within the state of Minnesota, shall be deemed an irrevocable appointment by such * * * nonresident * * * of the commissioner of public safety to be his true and lawful attorney upon whom may be served all legal process in any action or proceeding against him or his executor, administra-

tor, or personal representative * * *. * * * [S]uch process * * * so served, shall be of the same legal force and validity as if served upon him personally or on his executor, administrator, or personal representative.

After appointing the commissioner the attorney-in-fact for service of process, the statute goes on to say that:

[S]uch service shall be sufficient service upon the absent resident or the nonresident or his executor, administrator, or personal representative; provided that notice of such service and a copy of the process are within ten days thereafter sent by mail by the plaintiff to the defendant at his last known address and that the plaintiff's affidavit of compliance with the provisions of this chapter is attached to the summons.

Plaintiff-appellant says she complied with the statute and that, therefore, *in personam* jurisdiction was obtained. It is not clear, however, over whom plaintiff claims to have obtained *in personam* jurisdiction. The summons and complaint named Calvin George Martin as the defendant but Mr. Martin is dead. No attempt has been made to substitute the personal representative of Martin's estate as the defendant, assuming such a personal representative exists. The respondent's counter argument is that defendant was dead at the time of the purported service and that, although plaintiff was aware of this fact and had time to do something about it, she never recommenced her lawsuit against the only proper party defendant, namely, the personal representative of decedent's estate.

We start with the initial premise that service upon a dead person is a nullity. At common law an action against a person individually abates with death. *See Zahler v. Manning,* 295 N.W.2d 511, 513 n. 2 (Minn. 1980). When Calvin George Martin died on February 22, 1980, the cause of action against him abated, except that, by virtue of our survival statute, Minn.Stat. § 573.01 (1980), the cause of action survived "as against his personal representatives." As we pointed out in *Poepping v. Lindemann,*

268 Minn. 30, 35, 127 N.W.2d 512, 516 (1964), "a valid distinction is to be made between proceedings against an individual on the one hand and proceedings against his estate on the other" (a wife's cause of action against her husband "survives" against his estate upon his death so that interspousal immunity is not applicable).

A cause of action does not exist in the abstract; it exists against somebody. In this case, that somebody is Calvin George Martin while he is living, and, after his death, the duly appointed personal representative of his estate. The difficulty here is that plaintiff sued neither.

The commissioner of public safety is, of course, the irrevocably appointed attorney-in-fact for service upon either the individual motorist or the personal representative of the deceased motorist. But section 170.55 is not a survival statute. It does not appoint somebody against whom the cause of action exists. It only appoints somebody to accept service for whomever the proper defendant might be; and if there is no defendant in existence, service on the commissioner, as agent, is ineffectual.

Thus, the Maryland Court of Appeals has held invalid a service purported to be made on a nonresident defendant where the defendant died before the plaintiff initiated the action by leaving the process with the secretary of state and mailing notice to the named defendant. *Hunt v. Tague,* 205 Md. 369, 109 A.2d 80 (1954). This was so even though the named defendant's widow had signed a return receipt postcard. Thus, even though the decedent's widow, as in our case, was apprised of the suit, the Maryland court found lack of jurisdiction.

■ We agree with the reasoning of the Maryland court. We hold that service on a nonresident defendant motorist under section 170.55, at a time when the defendant motorist is deceased, amounts to service on no one and is void.

This does not, however, end our inquiry, even though this is the issue as submitted to us by the parties. The record does not tell us whether a personal representative for decedent Martin's estate was in existence at the time plaintiff attempted service. The fact that the widow delivered the suit papers to "attorneys handling Mr. Martin's estate" and that "decedent's estate received notice of the pending action" does not tell us if a personal representative had been appointed. Yet neither is there any denial that a personal representative was in existence, and at times the briefs of the parties argue as though there were.

Assuming the case were remanded and it be found that a duly appointed and acting personal representative of the estate of Calvin George Martin was in existence on November 8, 1981, then the question becomes: If service of process is made on a nonresident defendant motorist by service on the commissioner pursuant to section 170.55, as was done here, at a time when the defendant motorist is deceased but his personal representative is duly appointed and acting, is that service valid to obtain *in personam* jurisdiction over the personal representative? We need to consider this question in order to decide whether we should remand.

Two obstacles to the validity of the service present themselves: (1) the pleadings, as well as the mailed notice of service, name as the defendant a deceased person, Calvin George Martin, and not the personal representative; and (2) plaintiff mailed notice of service to Calvin George Martin at his last known address rather than to the personal representative at his or her address.

Are these two defects fatal to an effective service of process? Perhaps it can be argued (although we do not so decide) that failure to have the correct person named as defendant in the pleadings is a misnomer, correctable by amendment of the pleadings.[1] It further can be argued that notice

---

1. Minn.R.Civ.P. 25.01(1) says, "If a *party* dies and the claim is not extinguished or barred, the court may order substitution of the proper parties." (Emphasis added.) This rule, however, presupposes that the named defendant has already been served properly and is a party, a different situation than we have here. The record does not disclose that plaintiff has moved, on the basis of the rule or any other basis, to amend her pleadings to substitute a

mailed to the deceased defendant if it actually reaches the personal representative should constitute adequate notice. *Cf. Warembourg v. Chickasha Mobile Homes, Inc.,* 326 N.W.2d 16 (Minn.1982). Even assuming some validity to these arguments, the fact remains that there has not been strict compliance with the statute as required by our case law.

Service of process under section 170.55 is not complete when the commissioner of public safety is served. The proviso that plaintiff—not the commissioner, but the plaintiff—must within 10 days thereafter mail notice of the service, a copy of the process, and an affidavit of compliance with the statute to the defendant is essential to jurisdiction. The proviso is more than a condition subsequent, as the dissent suggests. This court has expressly held that the requirements of the proviso are jurisdictional and, therefore, mandate strict compliance. *See, e.g., McBride v. Bitner,* 310 N.W.2d 558 (Minn.1981) (filing process with the commissioner but with an untimely and incomplete mailed notice to the nonresident motorist is fatally defective); *Schuett v. Powers,* 288 Minn. 542, 180 N.W.2d 253 (1970) (mailing process to the commissioner and mailing notice to the defendant before the commissioner receives the process is fatally defective).

In *Schuett* we cited *Johnson v. Brooks,* 254 Iowa 278, 287, 117 N.W.2d 457, 462 (1962), in which the Iowa court said:

> [I]t is not for us to regret that we have been compelled to follow strict and technical lines set out by our previous decisions. They seem to have established an orderly process of procedure and serve a definite purpose. They are more than technical. They have substance, in that they lay down definite rules which are essential in court proceedings and are necessary so that all those involved may know what may and may not be done, thereby avoiding confusion and uncertainty. Here we are satisfied they are sufficiently clear and definite as to the time and order of filing and notification,

and that we should not open the door to endless litigation as to what is or is not substantial compliance with the plain statutory requirements to obtain service on a nonresident defendant.

Obtaining *in personam* jurisdiction over a person is a serious matter and we do not think this case presents an occasion to relax strict compliance with the requirements of section 170.55. Absent extraordinary circumstances, it seems to us process should be explicitly directed to the correct person being sued. This is not a situation where the plaintiff in good faith was unaware that the defendant was dead until after the statute of limitations had passed.

■ Here the plaintiff knew for at least 3 months prior to the expiration of the statute of limitations that the person named as defendant in her pleadings was deceased at the time of the purported service and yet, with ample time remaining, chose not to remedy the situation by making a new service on the decedent's personal representative. A new process could have been served before the statute ran on the personal representative then in existence, or, if none, then on a personal representative caused to be appointed by plaintiff. We see no need, therefore, to remand for any further factfinding because, in any event, there was not valid service.

Affirmed.

TODD, Justice (dissenting).

I respectfully dissent from the majority opinion. The question of jurisdiction under Minn.Stat. § 170.55 (1980) involves the process of statutory construction and the applicable legal rules to such a process. It appears to me that the majority opinion violates some of the basic principles of statutory construction.

Subdivision 1 of Minn.Stat. § 170.55 (1980) in its entirety provides:

> The use and operation by a resident of this state or his agent, or by a nonresident or his agent of a motor vehicle with-

personal representative as defendant in her lawsuit.

in the state of Minnesota, shall be deemed an irrevocable appointment by such resident when he has been absent from this state continuously for six months or more following an accident, or by such nonresident at any time, of the commissioner of public safety to be his true and lawful attorney upon whom may be served all legal process in any action or proceeding against him or his executor, administrator, or personal representative growing out of such use and operation of a motor vehicle within this state, resulting in damages or loss to person or property, whether the damage or loss occurs on a highway or on abutting public or private property. Such appointment is binding upon the nonresident's executor, administrator, or personal representative. Such use or operation of a motor vehicle by such resident or nonresident is a signification of his agreement that any such process in any action against him or his executor, administrator, or personal representative which is so served, shall be of the same legal force and validity as if served upon him personally or on his executor, administrator, or personal representative. Service of such process shall be made by serving a copy thereof upon the commissioner or by filing such copy in his office, together with payment of a fee of $2, and such service shall be sufficient service upon the absent resident or the nonresident or his executor, administrator, or personal representative; provided that notice of such service and a copy of the process are within ten days thereafter sent by mail by the plaintiff to the defendant at his last known address and that the plaintiff's affidavit of compliance with the provisions of this chapter is attached to the summons.

Examining the language of the statute as applied to this case discloses the following: Calvin George Martin was involved in a Minnesota accident with a Minnesota resident, the plaintiff, Donna Wood. At the time of the accident, Martin was a resident of the State of Iowa. Therefore, under the clear and unambiguous language of the statute, Martin was deemed to have irrevo-cably appointed the commissioner of public safety to be his true and lawful attorney upon whom may be served all legal process in any action arising out of the accident and whether brought against him or his executor, administrator or personal representative. Further, this appointment is binding upon Martin's executor, administrator or personal representative. The statute then provides that the service made in this case shall be of the same legal force and validity as if served upon him personally or on his executor, administrator, or personal representative and such service shall be sufficient service. The statute further requires that notice of such service together with a copy of the process shall, within 10 days of the service of process, be mailed by the plaintiff to the defendant at his last known address. This was complied with by the plaintiff Wood.

Considering the facts of this case in the light of the statutory language, it appears eminently clear that service of process was complete when service was made on the commissioner. The statute imposes a condition subsequent which if not complied with would apparently void the completed service. However, in this case, the condition was complied with so that is not an issue. It is interesting to note that the statute when speaking of service of process includes the defendant, his executor, administrator or personal representative. However, when imposing the condition subsequent, namely notice, this statute only requires that the plaintiff mail the notice to the last known address of the defendant. There is no duty imposed upon the plaintiff to determine if the defendant is deceased.

The statute provides that the service of process upon the commissioner is binding upon the defendant, his executor, administrator or personal representative. Thus jurisdiction attaches over whomever is the appropriate person. In this case it is indicated that there is no probate proceeding in Iowa. However, there obviously was some personal representative of the defendant in Iowa because the process was delivered to the deceased's insurance company who in-

terposed an answer. Thus the very purpose for giving notice was accomplished; namely that the non-resident or his representative was made aware that jurisdiction had attached in Minnesota.

Further, contrary to the majority opinion, I do not believe the term "personal representative" involves a legal appointment. Rather, I conclude the opposite. The use of the terms "executor" and "administrator" indicates that the legislature was cognizant of words which describe a legally appointed representative of a deceased person. The term "personal representative" is broader in scope and includes anyone who acts on behalf of the decedent.

The majority opinion fails to address the statutory criteria. The initial premise is that service upon a dead person is a nullity. I have no dispute with that statement, but the service that I find valid here is not upon the defendant, but upon his personal representative whose attorney in fact under the statute is the commissioner of public safety. Thus the demise of the defendant is immaterial. Jurisdiction was obtained because the statute irrevocably appoints the commissioner as attorney in fact for the personal representative of the defendant and mandates that service on the commissioner is the same as personal service of the process on the personal representative. Jurisdiction attached and since the condition subsequent was complied with, has not been voided or defeated in any way.

I would further point out that the majority opinion is inconsistent with our recent decision in *Warembourg v. Chickasha Mobile Homes, Inc.*, 326 N.W.2d 16 (Minn. 1982). In that case we upheld substituted service on a foreign corporation which was made 10 months after the corporation had filed a certificate of dissolution in the state where it was incorporated. We there stated:

> Instead, the record indicates that the plaintiffs followed the statutory procedures contained in section 303.13, subd. 1(3) by effecting service upon a foreign corporation through the Minnesota Secretary of State. The statute requires that

process be sent to the foreign corporation's last known address and does not speak of trustees nor agents. Such service was therefore statutorily sufficient. Moreover, the rationale of the rules relating to service of process, that service be limited to those who could reasonably be expected to apprise the corporation of the service and pendency of the action, has been satisfied as a practical matter. *Kopio's, Inc., v. Bridgeman Creameries, Inc.*, 248 Minn. 348, 355, 79 N.W.2d 921, 926 (1956).

326 N.W.2d at 18.

I fail to perceive why we should proceed to a narrow construction of a substituted service statute when we have so recently adopted a broader view.

I would reverse the decision of the trial court. An answer has already been interposed and appropriate motions can be made to substitute the correct legal representative of the defendant as the named defendant in the litigation.

YETKA, Justice (dissenting).

I join in the dissent of Mr. Justice Todd.

SCOTT, Justice (dissenting).

I join in the dissent of Mr. Justice Todd.