**Phyllis Elaine HOLLIDAY, et al.,
Appellants,**

v.

**Robert LARSON, et al., Respondents.**

**No. C0–82–1492.**

Supreme Court of Minnesota.

Sept. 2, 1983.

MacDonald, Munger & Downs, Duluth, for appellants.

Robyn M. Moschet, Duluth, for respondents.

YETKA, Justice.

This is an appeal from an order dismissing plaintiffs' complaint against defendant Brian Larson for lack of jurisdiction. We hold that plaintiffs properly served defendant Larson pursuant to Minn.Stat. § 170.55 (1982) ("section 170.55"). The order of the district court dismissing the complaint is reversed and the matter remanded to the district court.

On February 10, 1975, appellant Phyllis Holliday was involved in an automobile accident. One day before the applicable statute of limitations would have run, Holliday delivered a summons and complaint to the Lake County Sheriff for service on defendants Brian and Robert Larson. The sheriff was unable to locate Brian Larson and re-

turned an affidavit to this effect. In March, Holliday's attorney learned that Brian Larson was residing in California and served the Minnesota Commissioner of Public Safety pursuant to section 170.55. Within 10 days after serving the commissioner, Holliday mailed a copy of the summons and complaint to Brian Larson, along with a notice to Larson that service had been made on the Commissioner of Public Safety. The original summons and complaint was then filed with the court with an affidavit of compliance with section 170.55 attached.

Brian Larson moved to dismiss the action against him for lack of jurisdiction, claiming that service was not accomplished pursuant to section 170.55 because the affidavit of compliance was not attached to the summons and complaint that Holliday had mailed to Larson in California. Appeal is taken from the order of the district court dismissing the action against Brian Larson for lack of jurisdiction.

 The sole issue on appeal is whether a plaintiff who serves a nonresident defendant motorist pursuant to section 170.55 must mail the affidavit of compliance to the defendant in order to perfect service of process and invoke the court's jurisdiction. We hold that the affidavit need not be mailed to the defendant and therefore reverse.

Section 170.55 provides a procedure for serving nonresident motorists and reads in part:

Subdivision 1. The use and operation by a resident of this state or his agent, or by a nonresident or his agent of a motor vehicle within the state of Minnesota, shall be deemed an irrevocable appointment by such resident when he has been absent from this state continuously for six months or more following an accident, or by such nonresident at any time, of the commissioner of public safety to be his true and lawful attorney upon whom may be served all legal process in any action or proceeding against him or his executor, administrator, or personal representative growing out of such use and operation of a motor vehicle within this state, result-

ing in damages or loss to person or property, whether the damage or loss occurs on a highway or on abutting public or private property. Such appointment is binding upon the nonresident's executor, administrator, or personal representative. Such use or operation of a motor vehicle by such resident or nonresident is a signification of his agreement that any such process in any action against him or his executor, administrator, or personal representative which is so served, shall be of the same legal force and validity as if served upon him personally or on his executor, administrator, or personal representative. Service of such process shall be made by serving a copy thereof upon the commissioner or by filing such copy in his office, together with payment of a fee of $2, and such service shall be sufficient service upon the absent resident or the nonresident or his executor, administrator, or personal representative; *provided that notice of such service and a copy of the process are within ten days thereafter sent by mail by the plaintiff to the defendant at his last known address and that the plaintiff's affidavit of compliance with the provisions of this chapter is attached to the summons.*

Minn.Stat. § 170.55, subd. 1 (1982) (emphasis added).

The statute requires that the affidavit of compliance be attached to "*the* summons." This appeal turns on whether the summons referred to is part of the process required to be mailed to the nonresident defendant.

We have discussed the requirements of section 170.55 in two recent decisions and indicated, by way of *dicta,* that the affidavit is to be mailed to the defendant. *Wood v. Martin,* 328 N.W.2d 723 (Minn.1983); *McBride v. Bitner,* 310 N.W.2d 558 (Minn. 1981). These cases, however, did not turn on the issue presented here and are therefore not controlling.

*Wood v. Martin,* 328 N.W.2d 723 (Minn. 1983), addressed the issue of whether section 170.55 service was valid when the nonresident motorist was deceased at the time of service upon the commissioner. We not-

ed in passing the requirements as to mailing the process and notice to the defendant and included the affidavit within the materials to be mailed. This reference was in the context of emphasizing that the statute's requirements are jurisdictional and require strict compliance. *Id.* at 726; *see Schuett v. Powers,* 288 Minn. 542, 180 N.W.2d 253 (1970).

We affirm the requirement that the statute be strictly complied with, but note that *Wood* was not decided on the basis of whether mailing of the affidavit was required by the statute.

In *McBride v. Bitner,* 310 N.W.2d 558 (Minn.1981), plaintiff had attempted to serve the defendant under several different rules and statutes, including section 170.55. Plaintiff failed to meet the requirements of section 170.55, not because of a failure to mail the affidavit of compliance to the defendant, but because the plaintiff failed to mail anything to the defendant subsequent to filing the summons and complaint with the Commissioner of Public Safety. As in *Wood,* we included the affidavit of compliance as one of the documents to be mailed to the defendant.

We recognize that the statements in *Wood* and *McBride* may have caused some confusion by implying that we would interpret section 170.55 to require mailing the affidavit of compliance to the defendant. Neither case, however, addressed this precise issue and thus is not controlling in the present appeal. To resolve the issue here, we look to the express language of the statute itself, its purpose, and the legislative intent behind its passage.

The express language of the statute is not as clear as it could be and leaves some potential for conflicting interpretation. It is clear, however, that the use of the word "summons" as to the affidavit, and reference to "a copy of the process" as to materials to be mailed to the defendant, support reading the statute as not requiring that the affidavit be mailed to the defendant.

The purpose of section 170.55 supports our interpretation. The statute provides a way of making personal service upon a non-resident motorist while at the same time providing a reasonable certainty "that the defendant will receive actual notice, and that adequate opportunity is afforded him to defend." *Schilling v. Odlebak,* 177 Minn. 90, 93, 224 N.W. 694, 696 (1929). In *Schilling,* we held that the statute required "a formal notice over the signature of plaintiff or his attorney fully informing defendant of 'such service.'" 177 Minn. at 94, 224 N.W. at 696. No mention was made of any requirement that the affidavit of compliance also be included and mailed to defendant.

To require mailing of both a formal notice and the affidavit of compliance would serve no useful purpose. If proper notice is sent, the defendant is fully informed and provided with an adequate opportunity to defend. The legislature could not have intended that the affidavit be superfluous, as it would be if sent to the defendant instead of to the court. The affidavit is required by the court to determine if the jurisdictional requirements of the statute have been met.

We also note that the Office of the Commissioner of Public Safety apparently interprets the requirements of section 170.-55 as we do here. In its letter acknowledging service, the Department of Public Safety states, "The law requires that notice of service and a copy of Summons and Complaint be sent to the defendant * * *." The affidavit is not mentioned. While the interpretation of an administrative agency is not binding on this court, it is to be given due consideration. *Mankato Citizens Tel. Co. v. Commissioner of Taxation,* 275 Minn. 107, 112, 145 N.W.2d 313, 317 (1966).

Reversed and remanded.