STATE of Minnesota, ex rel., Gregory J. McMASTER, Petitioner, Respondent,

v.

Dennis BENSON, Warden, Minnesota Correctional Facility—Oak Park Heights, et al., Appellants.

No. C5-92-1540.

Court of Appeals of Minnesota.

Feb. 2, 1993.

Review Denied March 11, 1993.

Heidi H. Crissey, Rapoport, Wylde & DeSmidt, Minneapolis, for petitioner, respondent.

Hubert H. Humphrey, III, Atty. Gen., Katherine M. Brennan, Sp. Asst. Atty. Gen., St. Paul, for appellants.

Considered and decided by SCHUMACHER, P.J., HUSPENI and AMUNDSON, JJ.

## OPINION

AMUNDSON, Judge.

This appeal is from an order granting in part the relief requested in respondent Gregory McMaster's habeas corpus petition. We reverse.

## FACTS

Gregory McMaster pleaded guilty in 1978 to one count of first-degree murder and was sentenced to life imprisonment. During his term of imprisonment, McMaster has been punished for a number of disciplinary infractions resulting in the loss of 565 days of good time. The Department of Corrections has extended McMaster's parole eligibility date 565 days to reflect this lost good time.

McMaster filed a petition for writ of habeas corpus, challenging the department's calculation of his parole eligibility date and arguing his lost good time should not have affected that date.

The trial court agreed with McMaster's interpretation of the good-time and parole eligibility statutes. The court ordered a recalculation of McMaster's parole eligibility date, without consideration of the lost good time. The court denied McMaster's motion to publish the decision in the prison newspaper.

## ISSUE

Is the calculation of the parole eligibility of an inmate serving a pre-guidelines life sentence subject to the loss of good time?

## ANALYSIS

The issue raised by McMaster's petition involves the interpretation of two statutes. The construction of a statute is a question of law for the court, and is subject to de novo review on appeal. *Hibbing Educ. Ass'n. v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn.1985); *State v. Moore*, 431 N.W.2d 565, 567 (Minn. App.1988).

■ Minn.Stat. § 243.05, subd. 1(b) (1990) sets the term of imprisonment for certain inmates serving pre–1980 life sentences. The statute provides:

no inmate serving a life sentence for committing murder before May 1, 1980, who * * * is serving a life sentence for murder in the first degree committed in violation of clause (1) of section 609.185 shall be paroled without having served 25 years, *less the diminution which would have been allowed for good conduct had the sentence been for 25 years.*

Minn.Stat. § 243.05, subd. 1(b) (emphasis added).

A diminution of sentence for good conduct is otherwise known as "good time." The pre-guidelines "good time" statute provides:

Every inmate sentenced *for any term other than life*, confined in a state adult correctional facility or on parole therefrom, may diminish the term of sentence one day for each two days during which the inmate has not violated any facility rule or discipline.

Minn.Stat. § 243.18, subd. 1 (1990) (emphasis added).

The problem in calculating McMaster's parole eligibility is to reconcile a statute which calculates his term of imprisonment based on "good time" and a "good time" statute which excludes inmates, like McMaster, sentenced for life. The trial court concluded McMaster cannot lose good time under Minn.Stat. § 243.18, subd. 1 because he is serving a life sentence and therefore is excluded from the terms of that statute. The trial court held, however, that the department can "refer" to § 243.-18, subd. 1 to calculate the diminution of sentence for an inmate serving a life sentence. We conclude that this construction of the two statutes is contrary to their plain language and unsupported by the rules of statutory construction.

McMaster argues, and the trial court agreed, that Minn.Stat. § 243.05, subd. 1(b) provides a "flat up-front deduction of time" from the minimum term, which would otherwise be 25 years. However, it is doubtful the legislature would have chosen to use such a convoluted formula, if it had merely intended to say "16 years and 8 months." Moreover, the legislature could not have "referred" to Minn.Stat. § 243.18, subd. 1 for use of the "good time" formula without applying it to inmates serving life sentences. But such an application is contrary to the statutory exclusion for life sentences. *See* Minn.Stat. § 243.18, subd. 1.

■ The general rule in construing irreconcilable provisions is that the law last enacted prevails. Minn.Stat. § 645.26, subd. 4 (1990); *Wichelman v. Messner*, 250 Minn. 88, 118, 83 N.W.2d 800, 823 (1957). The reduction of life sentences to a term of years, "less the diminution which would have been allowed by law for good conduct," was first enacted in 1901. 1901 Minn. Laws ch. 232, § 1. The general "good time" statute, with the exception for life sentences, was enacted in 1889. 1889 Minn. Laws ch. 254, § 41. Thus, the life sentence reduction statute, the present Minn.Stat. § 243.05, subd. 1, was the latest enacted and should prevail.

Minn.Stat. § 243.05, subd. 1 must also prevail over Minn.Stat. § 243.18 because it is more specific. *See State v. Corbin*, 343 N.W.2d 874, 876 (Minn.App.1984) (more particular statute prevails over general provision). Minn.Stat. § 243.05, subd. 1 is more specific with respect to calculation of life sentences.

This interpretation is also supported by the administrative interpretation of the

statutes, which is entitled to some weight. *See generally Holliday v. Larson,* 338 N.W.2d 23, 25 (Minn.1983) (due consideration, but not binding force, given agency interpretation). The department's rules provide that all inmates, including those with indeterminate sentences, are subject to the loss of good time. Minn.R. 2940.-1600. The department has interpreted Minn.Stat. § 243.05, subd. 1 as making good time fully applicable to those serving pre-guidelines life sentences.

This interpretation finds some further support in case law, which has strongly implied that "good time" is applied to life sentences just as to other terms of imprisonment. *See State v. Walker,* 306 Minn. 105, 111, 235 N.W.2d 810, 814 (1975) (life sentence is "a 25–year minimum prison term, less time credited for good behavior"), *cert. denied,* 426 U.S. 950, 96 S.Ct. 3172, 49 L.Ed.2d 1187 (1976); *State v. Dehler,* 257 Minn. 549, 561, 102 N.W.2d 696, 705 (1960) (life sentence is a minimum term less time which "would be" allowed for good conduct). In *State ex rel. Murphy v. Wolfer,* 127 Minn. 102, 104, 148 N.W. 896, 897 (1914), the court stated:

> Nor is it true that good time cannot under any circumstances be credited from time to time to a person serving a life sentence. Another statute provides that "no convict serving a life sentence shall be paroled until he has served thirty-five years, less the diminution which would have been allowed for good conduct had his sentence been for thirty-five years." G[en].S[tat]. 1913, § 9319.

These cases do not support the argument that "good time" is used only mathematically in life sentences and can never be lost to inmates serving them.

The trial court relied on a recent statute which provides for minimum terms to be served on post–1980 life sentences, without reference to good time deductions. Minn. Stat. § 244.05, subd. 4 (1990). However, we cannot conclude that the recent enactment merely clarifies the legislature's original intent in enacting the predecessor to Minn.Stat. § 243.05, subd. 1. *Cf. Larson v. Independent Sch. Dist. 314,* 289 N.W.2d 112, 122 (Minn.1979) (amendment of a statute is presumed to have been intended to effect some change).

Significant differences between pre–1980 and post–1980 sentencing could have prompted this legislative change. Before the guidelines, a life sentence was only the most severe sentence in a system in which all sentences were indeterminate. The ultimate discretionary authority to decide when to release an inmate from prison rested with the parole board, later the Minnesota Corrections Board. *See generally Bailey v. Gardebring,* 940 F.2d 1150, 1156 (8th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1516, 117 L.Ed.2d 652 (Mar. 23, 1992). The earning of "good time" did not automatically lead to an earlier release because that decision was made by the board.

Now, a life sentence is the *only* indeterminate sentence in Minnesota. For those with determinate sentences, earned "good time" directly affects their time in prison because it accrues directly to the period of supervised release. Minn.Stat. §§ 244.04, subd. 1, 244.05, subd. 1. For a life sentence, however, release is still determined by a discretionary authority, the Office of Adult Release. Minn.R. 2940.1800. The legislature could have determined that because "good time" now creates an entitlement to release for many inmates, it has become inappropriate to refer to good time deductions in defining the minimum term of a life sentence.

### DECISION

An inmate serving a pre-guidelines life sentence is subject to the loss of good time for disciplinary infractions.

Reversed.