62 F.3d 1421
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
DuWayne Melvin GORDEN, Appellant,
v.
Dennis L. BENSON, Warden, MCF, Stillwater, MN, Appellee.
 No. 95-1438.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 27, 1995.
Filed: Aug. 11, 1995.
 
 Before BOWMAN, BEAM, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 DuWayne M. Gorden, a Minnesota inmate, appeals from the District Court's[1] order granting defendant summary judgment and denying his motion to amend, in this 42 U.S.C. Sec. 1983 action. We affirm.
 
 
 2
 In January 1994, Gorden alleged Minnesota Correctional Facility-Stillwater Warden Dennis Benson violated his due process rights by denying him statutory "good time" he had earned on an unrelated 1989 sentence he had served at Stillwater. Relying on Minn. Stat. Ann. Sec. 243.18, subd. 1 (West 1992), Gorden contended that because he served a period of supervised release equal to the amount of good time he earned while incarcerated, he never actually received his earned good time. Benson moved for summary judgment. In response, Gorden moved to amend his complaint, seeking to add Stillwater Admissions Supervisor Mary Hogan and Commissioner of Corrections Frank Woods as defendants; he alleged Woods violated his equal protection rights by according inmates in county jails credit for good time earned while denying him and other Stillwater inmates such credit. The district court granted Benson summary judgment and denied Gorden's motion to amend. Gorden timely appealed.
 
 
 3
 We review de novo the District Court's grant of summary judgment, applying the same standards as the District Court. Dillaha v. Yamaha Motor Corp., U.S.A., 23 F.3d 1376, 1377 (8th Cir.1994). Because the facts here are undisputed, we need decide only whether Benson is entitled to judgment as a matter of law. See Williams v. Delo, 49 F.3d 442, 445 (8th Cir.1995).
 
 
 4
 Gorden's reliance on section 243.18 is misplaced, as that provision applies only to inmates sentenced before May 1, 1980. 1994 Minn. Laws c. 636, art. 6, Sec. 9. As Gorden was serving a determinate sentence, under the applicable provisions-Minn. Stat. Secs. 244.04, subd. 1 (West 1992) and 244.05, subd. 1 (West Supp. 1995)-his good time accrued directly to his period of supervised release. See State ex rel. McMaster v. Benson, 495 N.W.2d 613, 615 (Minn.Ct.App.1993); Seifert v. Erickson, 420 N.W.2d 917, 918-19 (Minn.Ct.App.) (construing substantively similar 1986 versions of these provisions; concluding only reasonable construction was that good time credit deduction accrued to and became period of supervised release), review denied, (1988). Gorden does not claim his supervised release period exceeded the amount of good time he earned. Consequently, the District Court correctly granted Benson summary judgment.
 
 
 5
 We also conclude the District Court did not abuse its discretion in denying Gorden's motion to amend. Because Gorden's due process claim was meritless, adding Hogan and Woods as defendants would have been futile. See Brown v. Wallace, 957 F.2d 564, 565-66 (8th Cir.1992) (per curiam) (standard of review and standard for granting leave to amend); Gorden's proposed amendment also failed to allege an equal protection claim. See More v. Farrier, 984 F.2d 269, 271 (8th Cir.) (equal protection standard), cert. denied, 114 S. Ct. 74 (1993).
 
 
 6
 Accordingly, the judgment of the District Court is affirmed.
 
 
 
 [1]
 The Honorable Michael James Davis, United States District Judge for the District of Minnesota, adopting the report and recommendation of the Honorable Ann D. Montgomery, United States Magistrate Judge for the District of Minnesota